CELIA G. RICHMAN, Plaintiff, *v.* HERMAN D. RICHMAN, Defendant.

Supreme Court, Albany County, July 14, 1933.

*Benjamin P. Wheat,* for the plaintiff.

*Harry W. Williams,* for the defendant.

SCHENCK, J. In this action brought by a wife against her husband for a separation, plaintiff applies for an injunction restraining defendant from further prosecuting an action for the purpose of procuring a judgment or decree of divorce in the United Mexican States, and restraining and enjoining defendant from contracting or entering into marriage with a person other than the plaintiff until the further order of the court.

In December, 1930, plaintiff commenced an action for a legal separation and for alimony upon the grounds of cruel and inhuman treatment and non-support. The defendant has appeared and answered in this action and the same is now at issue and on the calendar of the Supreme Court in and for Albany county. In May, 1933, defendant commenced an action in the free and sovereign State of Morelos, United Mexican States, to procure an absolute

decree of divorce on the ground of " marked incompatibility of characters." From the moving affidavits it appears that certain papers in such action were served on plaintiff's mother in Brooklyn, N. Y., which purported among other things to notify plaintiff to present herself in the Mexican court " within the period of six days plus the time elapsing in the going and coming of the mail to and from its destination," to answer the action brought against her. Plaintiff avers that no papers or process were served personally upon her. From an affidavit filed by one Roberto Haberman, a counselor in Mexican law, it appears that in the said action for divorce instituted by defendant in the State of Morelos, Mexico, a decree was entered on June 1, 1933, prior to the service of the order to show cause herein, which decree became final on June 7, 1933.

Assuming that such decree of divorce has been obtained, it is in no wise binding upon this plaintiff. The plaintiff has never submitted to the jurisdiction of the Mexican court and has never been personally served with process and has never appeared in said action.

If this alleged decree of absolute divorce has become final and the action instituted by defendant therefor has terminated, then the order prayed for enjoining such action will be of no avail. Plaintiff contends that the said decree has not become final, and has not abandoned this portion of her prayer for relief.

There remains, however, the serious question of whether or not this defendant should be restrained from going through the formality of a marriage with a person other than the plaintiff.

In *Baumann* v. *Baumann* (250 N. Y. 382) the Court of Appeals held that a divorce procured by defendant from the plaintiff in Yucatan was null and void and that the alleged marriage between the defendant and a woman other than plaintiff was also null and void, and that the declaratory judgment that adjudged the plaintiff was the wife of the defendant was justified. That judgment, however, went further and enjoined defendant from representing that he and the person with whom he had contracted an alleged marriage were husband and wife, and from representing that the defendant was divorced from plaintiff. It was held by a divided court, with two dissenting opinions, that in granting such injunctive relief on the facts found, the court exceeded its jurisdiction.

The instant case is readily distinguishable from the *Baumann* case. There the plaintiff and defendant entered into an agreement of separation, which agreement secured to plaintiff $25,000 a year. The said declaratory judgment defined her matrimonial status and protected her property right. The alleged marriage following the Yucatan divorce had been consummated and the parties thereto

were living together as husband and wife. We have no such situation here. This plaintiff has not been secured of support. In fact, this defendant is now in arrears in his alimony. Heretofore and on three separate occasions plaintiff has moved the court to punish him as and for contempt for failure to make payment of alimony. A fourth application to punish for contempt for failure to make such payments is now pending. If defendant is not now enjoined from going through a ceremony of marriage with a person other than the plaintiff, even though such marriage must be held illegal, plaintiff may suffer a direct financial damage. While the act of this defendant and a woman other than the plaintiff living together and representing themselves as husband and wife may not in itself constitute a legal wrong which infringes a substantial right of the plaintiff, such action resulting from an alleged marriage following an invalid divorce may, and probably will, require the defendant to expend money for the support of such woman and the support of the resultant issue of such cohabitation, when as a matter of fact, defendant in an affidavit in this proceeding asserts that he is now unable to pay his back alimony.

I am not unmindful of the numerous decisions of our courts to the effect that equity will not by injunction restrain conduct which merely injures a person's feelings or which causes mental anguish, but here a property right is involved. By an order of this court defendant is required to pay to his wife a stated sum each week pending the determination of this action for separation. He is now in default. He admits that at this time he is unable to make such payments. If he is allowed to go through a ceremony, even though it cannot result in a legal marriage, he will thereby assume an additional financial burden, to the detriment of this plaintiff.

We are not endeavoring to remedy a social evil or a moral wrong by injunction. That any marriage based on this Mexican divorce would be illegal must be conceded, but if by reason of an alleged marriage ceremony the defendant, now in default of alimony, becomes liable for the support and maintenance of an alleged wife, a financial damage to his wife must necessarily result.

A court of equity in a proper case may restrain persons within its jurisdiction from proceeding in matrimonial actions in other States. (*Greenberg* v. *Greenberg*, 218 App. Div. 104; *Johnson* v. *Johnson*, 146 Misc. 93.) In such cases the applicant must show good equitable grounds, or the injunction will not issue. The court in the *Greenberg* case based the relief upon the fact that " there are many conceivable uses to which such a judgment of divorce could be put, causing plaintiff expense, litigation, worry, annoyance and misrepresentation."

Defendant makes no claim that this plaintiff has done any act that would entitle him to a divorce. An action for legal separation is now pending and should be determined on the merits. During the pendency of such action the defendant assumed to divorce his wife in a jurisdiction which represents that a decree may be obtained on the ground of "marked incompatibility of characters." The marital status of the parties has not been changed by virtue of any decree that may have been rendered in defendant's favor, nor has the defendant's obligation to pay alimony *pendente lite* been in any wise affected.

The prayer of the plaintiff to enjoin the defendant from attempting to contract a marriage is not for the purpose of assuring plaintiff of her own matrimonial status, but to prevent a threatened legal wrong involving property rights. Concededly, such an act by the defendant cannot affect the matrimonial status of the plaintiff. Nevertheless, under the circumstances here presented, it would seem that this defendant should be enjoined from assuming under color of an invalid decree of a foreign jurisdiction an additional obligation at a time when he admits that he is unable to pay the alimony awarded by this court.

Order may be entered enjoining and restraining this defendant until the further order of this court from further prosecuting an action for an absolute decree of divorce against this plaintiff or any other action or proceeding of a similar character within the United Mexican States and from contracting or entering into marriage with any person other than the plaintiff until the determination of the action for separation herein or until the further order of this court. Ten dollars costs.