HANNAH GOLD, Plaintiff, *v.* LOUIS J. GOLD and Another, Defendants.

Supreme Court, Special Term, Albany County, March 6, 1936.

*Stern & Hirschfeld* [*Bernard Ellenbogen* with them on the brief], for the plaintiff.

*O'Connell & Aronowitz*, for the defendants.

SCHENCK, J.   Defendants move for judgment on the pleadings dismissing the amended complaint, or in the alternative for judgment on the pleadings dismissing that part of the first cause of action set forth in the amended complaint which asks for injunctive relief.   The complaint asks that a declaratory judgment be made and entered that plaintiff is the lawful wife of the defendant Louis J. Gold, that the defendant Louis J. Gold and the defendant Augusta Spiselman, also known as Augusta Spiselman Gold, are not husband and wife and that a colorable New Jersey decree of divorce is of no value, force and effect.

The amended complaint states a cause of action in so far as it prays for such a declaratory judgment.   (*Baumann* v. *Baumann*, 250 N. Y. 382.)   We have left for consideration then the question whether or not plaintiff is entitled to injunctive relief on her amended pleading.

Plaintiff asks in paragraph numbered (4) of her prayer for relief that the defendants be enjoined and restrained from living together as husband and wife, from representing or holding themselves out as husband and wife, that defendant Augusta Spiselman be enjoined from assuming or using the name of Augusta Gold, Augusta Spiselman Gold or Mrs. Louis J. Gold, and that the defendant Louis J. Gold be enjoined and restrained from expending or applying his money or property for the support, maintenance, comfort and use of the defendant Augusta Spiselman and enjoining and restraining said defendant Augusta Spiselman from receiving, using or exercising any dominion over the same while the said defendant Louis J. Gold is in default in maintaining and supporting plaintiff pursuant to the terms of the separation agreement referred to in said complaint.

Apparently the defendants rely upon the case of *Baumann* v. *Baumann* (*supra*).   In that case the Court of Appeals held that the granting of a declaratory judgment determining the matrimonial status of the plaintiff was proper.   It also approved the finding of the lower court that a Yucatan divorce obtained by the defendant

husband was null and void. It did hold, however, that the court was not justified in enjoining the defendant husband and the woman with whom he alleged he contracted a marriage as the result of the Yucatan divorce from representing or holding out that they were husband and wife and from representing and holding out that the defendant husband was divorced from the plaintiff or restraining the use of the defendant husband's name by the woman with whom he went through a marriage ceremony subsequent to the invalid divorce.

I am constrained to hold, as I did in the action of *Richman* v. *Richman* (148 Misc. 387), that the case at bar is readily distinguished from the *Baumann* case in that here a distinct property right is involved. In the *Baumann* case the plaintiff and defendant had entered into an agreement of separation which secured to the plaintiff $21,000 per annum and that amount was annually paid. The parties to the case at bar also entered into a separation agreement but the defendant Louis J. Gold has not complied with the terms of that agreement in that he has failed to make payments thereunder. The complaint sets forth that he is in arrears in his payments and that as an excuse for such failure and refusal to pay sets up that he is financially unable so to do. A failure to enjoin the defendant Gold from expending money for the support and maintenance of the woman whom he now alleges to be his wife, while he refuses to support his lawful wife, by reason of claimed financial inability so to do, would in effect deprive this plaintiff of a valuable property right.

The amended complaint alleges the invalidity of the New Jersey decree of divorce, the alleged illegal marriage of the defendants, the separation agreement fixing the amount to be paid plaintiff for her support and maintenance, the default of the defendant Gold in contributing to her support, the residing together of the defendants as husband and wife under the name of Mr. and Mrs. Louis J. Gold.

A court of equity will not award relief by injunction except where some legal wrong has been done or is threatened and where there exists in the moving party some substantial legal right to be protected, but here the plaintiff has a legal right, that is, the right to support and maintenance by her husband, and it would seem that such right is entitled to the protection of the court. A legal wrong has been done and threatens to continue. To preserve her rights she seeks injunctive relief. In the circumstances, if she is enabled to prove the allegations of her amended complaint, she is entitled to such relief.

It was pointed out in the *Baumann* case that equity cannot by injunction restrain conduct which merely injures a person's feelings

and causes mental anguish and that the law does not remedy all social evils or moral wrongs, but in the *Baumann* case the complaint did not allege, as is here alleged, that the plaintiff's property rights were affected or endangered by the conduct of the defendants. The complaint in this action sets forth that the acts attempted to be enjoined constitute legal wrongs which invade the legal rights of the plaintiff.

The complaint alleges that Augusta Spiselman is not the wife of Louis J. Gold, although she assumes so to be and by so doing assumes the position and the relationship which the law has given to the plaintiff. If, as alleged in the complaint, this plaintiff is entitled to support and maintenance and she is not receiving the same, but that as alleged the defendants are living together in comfort and luxury, then it would appear that plaintiff is entitled to the consideration of the equity side of the court.

Furthermore, this plaintiff has a legal right to use the name, " Mrs. Louis J. Gold." That right was acquired, not by ecclesiastical ceremony but by contract sanctioned by the law of this State. If, as the complaint alleges, the defendant has but one wife, the plaintiff, then the defendant Spiselman is not Mrs. Louis J. Gold. Accepting as we must the ruling in the *Baumann* case that the defendant Spiselman is not attempting to impersonate the plaintiff, she has, nevertheless, represented to the public that she is the wife of the defendant Gold and has thus usurped a legal status which belongs exclusively to the plaintiff. And do not the actions and representations of the defendants do more than merely cause injury to the feelings? The defendants reside in the State of New York as husband and wife. The defendant Gold represents that he has obtained a judgment of divorce against this plaintiff, that he was the plaintiff in said divorce action and that as a result of the judgment rendered he was freed and discharged from the obligations of the marriage contract theretofore entered into with plaintiff. May not such representation be the basis for injury to reputation as well as injury to feelings? Is not such representation a reflection upon the moral character of this plaintiff? I think so, and unless the injunctive relief prayed for is afforded the plaintiff she has no remedy.

The complaint represents triable issues and the motion for judgment on the pleadings must be denied. Order may be entered denying the motion, with ten dollars costs.