BLANCHE MARQUIS, Plaintiff, *v.* LEONARD J. MARQUIS and ELVIRA TRABERT, etc., Defendants.

Supreme Court, Special Term, New York County, May 25, 1942.

*Hays, Wolf, Schwabacher & Sklar,* for the plaintiff.
*Nordlinger, Riegelman, Cooper & Benetar,* for the defendants.

BERNSTEIN, J. This is a motion to dismiss the complaint under rule 106 of the Rules of Civil Practice upon the ground of insufficiency or, in the alternative, under rule 107 upon the ground that there is an existing final judgment rendered on the merits, determining the same cause of action between the parties.

The relief sought in this action is to enjoin (1) both defendants from holding themselves out as husband and wife, (2) the defendant Leonard J. Marquis from maintaining the defendant Elvira Trabert and transferring any part of his assets to her, and (3) the defendant Elvira Trabert from representing herself to be the wife of the defendant Leonard J. Marquis or using his surname.

In so far as the plaintiff seeks the relief described as (1) and (3), she is clearly not entitled to it under the authorities. (*Baumann* v. *Baumann*, 250 N. Y. 382; *Somberg* v. *Somberg*, 263 id. 1; *Lowe* v. *Lowe*, 265 id. 197; *Goldstein* v. *Goldstein*, 283 id. 146.) As was said in the *Baumann* case (p. 386): " The declaratory judgment herein has established the matrimonial status of the plaintiff. Injunctive relief is not necessary to establish that status. It is elementary that a court of equity will not award the extraordinary relief of injunction except in cases where some legal wrong has been done or is threatened, and where there exists in the moving party some substantial legal right to be protected."

The plaintiff has already established her matrimonial status under the judgment rendered in this court on November 18, 1937, which declared the Mexican decree of divorce to be null and void, the marriage thereafter contracted between the defendants to be of no force and effect, and the plaintiff to be the lawful wife of the defendant Leonard J. Marquis. She is consequently not entitled to injunctive relief unless she makes a showing of a wrong done or threatened and a legal right to be protected. Has she made such a showing by the allegations of her complaint?

The plaintiff alleges that her husband has expended and is expending substantial sums of money for the maintenance and support of his codefendant, that he has made gifts to her of money, securities, jewelry and expensive wearing apparel, that he has maintained charge accounts for her, that he has taken her on extensive trips and to various places of entertainment and, generally, that he has used up a large part of his income and property under his relationship with her and thus reduced his net worth. The plaintiff concludes from those allegations that the continuation of that conduct will so further deplete her husband's means that he will be unable to support her in accordance with the provisions of her judgment of separation or otherwise fulfill his obligations toward her. It is interesting to note that nowhere is it alleged

that the defendant husband is in default in the payment of the alimony awarded to the plaintiff by the judgment of separation or that the expenditures and transfers made by him have rendered or will render him insolvent. It is not even stated that those expenditures and transfers have been made with the purpose of defrauding the plaintiff or depriving her of her rights under the judgment.

The court is constrained to hold that those allegations of the complaint are also insufficient as a basis for an injunction to restrain the defendant husband from spending money on the other woman, whether or not he be living with her or holding her out as his wife. The law does not restrict transfers of property by the husband during his lifetime. (*Krause* v. *Krause*, 285 N. Y. 27, 31; *Newman* v. *Dore*, 275 id. 371, 379.) While the cited cases involved the validity of transfers made by a husband to defeat his wife's rights under section 18 of the Decedent Estate Law, the principle involved is equally applicable to transfers made during coverture, where there is no showing that they had been made with actual intent to defraud the wife or that the gifts had rendered the husband involent. (*Caldwell* v. *Caldwell*, 259 App. Div. 845; affd., 285 N. Y. 655.) The law imposes an obligation upon a husband to provide for his wife, but there are ordinary legal remedies provided for the enforcement of that obligation. If he undertook to dissipate his assets by riotous living or by ill-advised investments his wife could not restrain him by injunction. By the same token the plaintiff cannot restrain her husband here on the basis of an expressed fear that he will dissipate his assets and a conclusion that it will prevent him from complying with his obligation to pay her alimony. *Gold* v. *Gold* (158 Misc. 570), cited by the plaintiff as an authority to the contrary, is clearly distinguishable. In that case the complaint disclosed a default by the husband in making the payments provided by his separation agreement. In this case it merely indicates a possible default. Even if it were not so distinguishable, it has indirectly been overruled by the majority opinion of the Court of Appeals in *Goldstein* v. *Goldstein* (*supra*).

The complaint here, it is true, alleges that the defendant Leonard J. Marquis has applied for a modification of the provisions of the final judgment of separation so as to reduce the alimony payable to his wife thereunder upon the ground that his income had declined and his net worth had depreciated. That allegation, however, is not a showing of a threatened legal wrong against which the plaintiff has a substantial legal right to be protected by injunction. The court which will pass upon that application will undoubtedly consider it in the light of such facts as may be produced to indicate

the circumstances under which the defendant depleted his assets and reduced his income and give effect thereto. (*Caldwell* v. *Caldwell, supra.*) It may not be considered as supplying sufficiency to the complaint.

In this view of the complaint, the court finds it unnecessary to pass upon the alternative relief sought under rule 107 of the Rules of Civil Practice. The motion for judgment dismissing the complaint is granted.