PAULINE ASHKENAZ, Plaintiff, *v.* LOUIS ASHKENAZ, Defendant.

Supreme Court, Special Term, Kings County, April 28, 1943.

*Benjamin Lipman* for plaintiff.

. *Blanche R. Liftoff* for defendant.

COLDEN, J. This is an action for a separation, in which issue has been joined. The parties negotiated for an amicable disposition of the matter, but failed to consummate their negotiations for a separation agreement.

Subsequent to the joinder of issue herein, the defendant commenced an action for divorce in the State of Nevada, basing his cause of action therein upon the same issues involved in this action. The plaintiff, in an effort to preserve and protect her rights in Nevada in the event that this motion is decided against her, applied for allowances, traveling expenses, temporary alimony, et cetera, in the Nevada action. The application is still pending.

It appears that the parties are both well on in years, that they were married and resided together in New York, that there is no issue of their marriage, and that each has mature children by previous marriages.

The present motion is for an order enjoining the defendant from proceeding with the Nevada action and directing the clerk of this court to accept for filing a note of issue on short notice so that the case may be placed upon the calendar for trial on a day certain.

No affidavit by the defendant has been submitted in opposition to this motion. His attorney is the only opposing affiant. The record is barren of any formal or affirmative statement or proof as to the defendant's intentions relative to his permanent domicile. On the contrary, his attorney's affidavit conclusively proves that the defendant has previously visited Arizona for his health,

but returned to New York. Only the defendant himself can have knowledge of where he intends to maintain his present *bona fide* domicile. The omission of an affidavit by the defendant, coupled with the fact that, shortly after the Supreme Court of the United States decided the case of *Williams* v. *North Carolina* (317 U. S. 287), the defendant left New York for Nevada and there instituted an action for divorce, leads to the inescapable conclusion that the defendant is deliberately endeavoring to circumvent the laws of this State, and to evade the jurisdiction of this court. In that connection, it is of interest to note that the issues in the two actions are almost identical.

Since the plaintiff has appeared in the Nevada action to preserve and protect her rights therein, as aforesaid, any judgment rendered therein will necessarily be binding and valid. Therefore, the plaintiff is threatened with a substantial injury, which should be prevented by this court.

The defendant is not now available for service of process in an action for an injunction. However, he obviously is doing and suffering to be done an act in violation of the plaintiff's rights respecting the subject of this action and tending to render ineffectual any judgment which may be awarded in her favor herein, within the provisions of subdivision 1 of section 878 of the Civil Practice Act. (*Richman* v. *Richman*, 148 Misc. 387.)

Motion granted. Order signed.