### CLEMINSHAW v. COON.

(Supreme Court, Appellate Division, Third Department. December 30, 1909.)

1. PLEADING (§ 11*)—COMPLAINT—REQUISITES.

A complaint should contain a plain and concise statement of the facts constituting the cause of action, and not the evidence of the facts.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 31; Dec. Dig. § 11.*]

2. PLEADING (§ 364*) — IRRELEVANT AND REDUNDANT MATTER — MOTION TO STRIKE.

The allegation in a complaint, charging that plaintiff was induced by false representations to surrender his stock and bonds of a corporation in exchange for the stock of a new corporation, to the effect that some of the defendants profited by the representations and by the transfers of the stock and bonds, because they thereby escaped liability as indorsers for one of the corporations which merged in the new one, is an allegation of evidentiary facts, and will be stricken on motion as irrelevant and redundant matter.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1156–1162; Dec. Dig. § 364.*]

3. PLEADING (§ 365*) — IRRELEVANT AND REDUNDANT MATTER — "AGGRIEVED PARTY."

A party is an "aggrieved party," within Code Civ. Proc. § 545, authorizing the striking out of irrelevant and redundant matter contained in a pleading on motion of a person aggrieved, where such irrelevant or redundant matter appears in a pleading which requires an answer or reply.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1164; Dec. Dig. § 365.*

For other definitions, see Words and Phrases, vol. 1, pp. 273–278; vol. 8, pp. 7569, 7570.]

Appeal from Special Term, Rensselaer County.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Charles Cleminshaw against Daniel W. Coon and others. From an order denying the motion of defendant Daniel W. Coon to strike from the complaint irrelevant and redundant matter, he appeals. Reversed.

It is alleged in the complaint that plaintiff was a stockholder and bondholder of a corporation known as H. C. Curtis & Company, which stock and bonds were worth par, and that the said corporation was prosperous, with assets more than equal to its liabilities, and making a profit over and above all expenses; that the defendants, with one George A. Spicer, were officers of another corporation, known as International Shirt & Collar Company, and, excepting the defendant Burch, were liable by indorsement and otherwise for a large amount of the obligations of that corporation; that both of said corporations were engaged in manufacturing shirts, collars, and cuffs in Troy, N. Y.; that defendants, with said Spicer, conspired to defraud the plaintiff, and with that intent formed a third corporation, known as Curtis, Leggett & Co., and proposed that the other two corporations should transfer all their assets to the new corporation, and that the plaintiff and the defendants should exchange their stock in their respective corporations for stock of the new corporation in certain proportions as specified in the complaint; that in furtherance of this scheme defendants falsely and with intent to defraud the plaintiff represented that the assets of said International Shirt & Collar Company were largely in excess of its liabilities, which representations were false, and known so to be to the defendants when made; that in furtherance of said scheme and conspiracy to defraud the plaintiff the defendants fraudulently and falsely misrepresented the profits of said International Shirt & Collar Company, and caused false and fraudulent inventories to be made, showing property which did not in fact exist, and falsified the books of the said corporation, whereby experts who examined the same in behalf of the plaintiff were misled as to the financial condition of said corporation; that in reliance upon said false representations, and in ignorance of the truth concerning the same, the plaintiff exchanged his stock in H. C. Curtis & Co. for stock in Curtis, Leggett & Co., to which latter corporation said H. C. Curtis & Co. transferred all its property; that said stock in H. C. Curtis & Co. was of great value, whereas the stock in Curtis, Leggett & Co., received in exchange therefor, was worthless; that the plaintiff, relying upon the false and fraudulent representations of the defendants, surrendered at their request to said Curtis, Leggett & Co. the said bonds owned by him and issued by said H. C. Curtis & Co., and in exchange therefor received preferred stock of Curtis, Leggett & Co., which was worthless; that by reason of the foregoing facts the plaintiff has been damaged in the sum of $138,800, for which sum judgment is demanded.

At the conclusion of the allegations of the complaint appear the following allegations, which the appellant sought to eliminate by the motion resulting in the order we are now reviewing: "The defendants, other than the defendant Burch, profited by all said false and fraudulent representations, and by said transfers of stock and bonds, in this way: One George A. Spicer and the defendants other than the defendant Burch were personally liable as indorsers upon a large amount of business paper made by International Shirt & Collar Company, which paper said International Shirt & Collar Company could not pay as it matured. To escape liability therefrom the defendants entered into said plan and scheme to form the corporation Curtis, Leggett & Co., which because of its coming into possession of H. C. Curtis & Co.'s assets would have and did have the reputation of being a wealthy and prosperous concern. The defendants induced some of the creditors holding the notes of International Shirt & Collar Company, indorsed as aforesaid by the defendants, to surrender said notes and to accept in their place notes made by Curtis, Leggett & Co., without any indorsement. Other indorsed notes of International Shirt & Collar Company were paid with cash borrowed on unindorsed notes of Curtis, Leggett & Co. In this way said Spicer, Coon, and Leggett escaped liability for their indebtedness as indorsers for International Shirt & Collar Company, which they could not have done, except by some such fraudulent scheme as that set forth herein."

Argued before SMITH, P. J., and CHESTER, KELLOGG, SEWELL, and COCHRANE, JJ.

William H. Hollister, Jr., and George H. Taylor, Jr., for appellant.
G. B. Wellington, for respondent.

COCHRANE, J. The matter sought to be stricken from the complaint is claimed to be justifiable as constituting a motive for the alleged fraudulent conspiracy. Whether or not it would be admissible as evidence on the trial, it clearly has no place in the pleading. A complaint should contain a plain and concise statement of the facts constituting the cause of action, and not the evidence of those facts. This complaint was complete before the allegations which are the subject of criticism. The insertion of these evidentiary facts in the complaint does not affect the question of their admissibility as evidence at the trial. If admissible as evidence, they do not lose that quality because of an omission to plead them, and good pleading requires that they should not be thus stated.

It is quite true that the mere presence of irrelevant or redundant matter in a pleading does not justify a motion to strike such matter from the pleading, under section 545 of the Code of Civil Procedure. It must also appear that the moving party is "aggrieved thereby." The tendency of recent decisions, however, is to the effect that a party is aggrieved, within the meaning of said section 545, when such irrelevant or redundant matter appears in a pleading which requires an answer or reply. Chittenden v. San Domingo Improvement Company, 125 App. Div. 855, 110 N. Y. Supp. 148; Hamilton v. Hamilton, 124 App. Div. 619, 109 N. Y. Supp. 221; Schroeder v. Post, 3 App. Div. 411, 38 N. Y. Supp. 677; Schroeder v. Young, 49 App. Div. 640, 63 N. Y. Supp. 110. As stated in the case last cited, when a plaintiff pleads his evidence, the defendant is "a person aggrieved" by such statements of evidence when he is required to admit, deny, or ignore them in an action at law. It may be that he cannot deny them, and a plaintiff is not at liberty to thus embarrass his adversary, or to place him in the dilemma of determining for himself, at his peril, whether he should deny allegations which are clearly immaterial as matter of pleading, or whether he may safely ignore them; and when such is the case the defendant is aggrieved, and may require such immaterial allegations to be stricken from the complaint.

The order must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.