ÁLICE M. DUBLIN, Plaintiff, *v.* CHARLES B. DUBLIN, Defendant.

Supreme Court, Erie County, March 13, 1934.

*William B. Mahoney,* for the plaintiff.

*Thurman W. Stoner,* for the defendant.

HORTON, J. The plaintiff in this action seeks to enjoin the defendant from prosecuting an action for divorce in the State of Pennsylvania. Plaintiff contends that the legal domicile of the parties is in New York State and that the defendant is seeking to evade the laws of this State by voluntarily submitting himself to a foreign jurisdiction and obtaining a divorce there which would be fraudulent as against her who has given no ground for divorce in this State. The defendant insists that his legal domicile is in the State of Pennsylvania and that such being the case, an injunction cannot be obtained against his action for divorce in that State even though the court finds that one of the purposes of establishing his domicile there was to enable him to obtain such divorce upon grounds not recognized in the State of New York.

It is well settled that the court has power to enjoin residents in its jurisdiction from prosecuting an action commenced in a foreign jurisdiction. (*Gwathmey* v. *Gwathmey*, 116 Misc. 85; affd., 201 App. Div. 843; *Greenberg* v. *Greenberg*, 218 id. 104; *Johnson* v. *Johnson*, 146 Misc. 93; *Richman* v. *Richman*, 148 id. 387.) Whether it will exercise its power in this case depends entirely upon whether the defendant's domicile is in the State of New York or in the State of Pennsylvania.

The question of establishment or change of domicile has frequently been the subject of attention by the courts, as in *Matter of Newcomb* (192 N. Y. 238), where the Court of Appeals said (at pp. 250 and 251): "As domicile and residence are usually in the same place, they are frequently used, even in our statutes, as if they had the same meaning, but they are not identical terms, for a person may have two places of residence, as in the city and country, but only one domicile. Residence means living in a particular locality, but domicile means living in that locality with intent to make it a fixed and permanent home. * * *

" The existing domicile, whether of origin or selection, continues until a new one is acquired and the burden of proof rests upon the party who alleges a change. * * *

"A change of domicile may be made through caprice, whim or fancy, for business, health or pleasure, to secure a change of climate, or a change of laws, or for any reason whatever, provided there is an absolute and fixed intention to abandon one and acquire another and the acts of the person affected confirm the intention. (*McConnell* v. *Kelley*, 138 Mass. 372.) No pretense or deception can be practiced, for the intention must be honest, the action genuine and the evidence to establish both, clear and convincing." (See, also, *Matter of James*, 221 N. Y. 242, 256; *Dupuy* v. *Wurtz*, 53 id. 556; *Lefferts* v. *Lefferts*, 263 id. 131.)

The parties to this action were married in Pennsylvania. The defendant in 1927 established a domicile in the city of Buffalo and in 1929 moved his family to said domicile. The plaintiff and the children of the marriage have not changed their domicile, but defendant, after marital difficulties, left his home about February, 1931, and resided at various places in Buffalo, and claims that on December 15, 1931, he established his domicile in Erie, Penn. The evidence offered in support of this consists of proof that he rented living quarters in Erie from December 15, 1931, to the date of trial; that in 1932 and 1933 he voted and paid personal tax there, also had a bank account and received some mail there and registered his address for auto license as Erie, Penn. On the other hand, the evidence is that in 1931 he urged plaintiff to go to Erie to get a divorce, saying that he would pay for it; that later he told her that if she did not get a divorce he would go to Erie and get it himself; that the first room which he claimed as his home there was a room over a garage, also occupied by one Dick Miller, heated by an improvised coal stove and with no other conveniences whatever; that this room had previously been used for storage of oil and was prepared for his occupancy by the moving in of a cot upon which he slept when on his occasional trips to Erie and for which he paid one dollar and seventy-five cents per week; that his second room, rented at three dollars per week, was somewhat more comfortable but was not occupied any more than the other; that little, if any, clothing and no other property was left by him in either room; that during all of the time he was paying for these rooms in Erie he was receiving mail and merchandise at the home of the parties in Buffalo and at other places in Buffalo where he had lived; that from March to June, 1932, he drove his daughter to school practically every morning in his auto at Buffalo; that in 1932 he showed his son the house at 31 West North street, Buffalo, and told him that was where he lived, and told his daughter in February, 1933, for the first time, that he had a residence in Erie, Penn.; that defendant at all times was a traveling man with territory extending from Erie and vicinity on the west to eastern New York upon the east, and that for weeks at a time he was not in or near Erie, which is upon the fringe of territory in which he worked. The place of voting and of payment of taxes is not controlling, as it seems to the court that if a person were seeking to give the appearance of domicile, that would be one of the first things that would occur to him. (See in this connection *Lefferts* v. *Lefferts, supra.*)

Upon the evidence the court is compelled to find that the defendant's alleged domicile in Erie was not and was not intended to be his permanent home; that it was pretense only and is sought to be

established by him in bad faith and for the purpose only of giving him a colorable right to maintain his action for divorce against his wife. This is a fraud upon the court which cannot in equity and good conscience be tolerated, and judgment is granted prohibiting defendant from continuing the prosecution of such action.