PEARL R. JEFFE, Plaintiff, *v.* EPHRAIM JEFFE, Defendant.

Supreme Court, Special Term, Kings County, March 31, 1938.

*Leo H. Rich,* for the plaintiff.

*Lewis, Marks & Kanter* and *Lloyd B. Kanter,* for the defendant.

STEINBRINK, J.  By this action plaintiff seeks to enjoin the defendant from further prosecuting an action of divorce in Mexico and from instituting any action for divorce outside of the State of New York.  The facts are as follows:

The parties hereto were married some time in 1918 in the State of Ohio and, except for a few months immediately following their marriage, have resided in this State.  Ever since some time in 1923 they have been living separate and apart.  In February of 1927 the defendant instituted an action for divorce in the State of New Jersey which resulted in a dismissal of the complaint on the merits.  Later in the same year the defendant obtained a judgment of separation

in the county of Kings. In October of 1932 the defendant commenced an action for the annulment of their marriage. After trial the complaint was dismissed on the merits. It appears without dispute that the defendant has offered various inducements to the plaintiff should she agree to a dissolution of the marriage. Upon plaintiff's refusal to accept any of these offers, the defendant threatened that he would get a divorce from her if he had " to go to every State in the Union as well as in Mexico to obtain one." The threat was not an idle one for on March 27, 1937, the plaintiff received by registered mail a complaint in an action for divorce begun by the defendant in Mexico. Since the commencement of the instant action the Mexican divorce action has been discontinued.

On behalf of the defendant it is argued that an injunction should not issue to protect a legal right that is lacking in substance; that, in view of the judgment of separation theretofore obtained by the defendant, the plaintiff's marital rights are such that they will not be seriously affected by a foreign decree of divorce based upon already adjudicated grounds, particularly when such foreign decree would be a nullity in this State. The defendant's counsel is frank to admit that the foreign decree is sought to " give some color of validity to a marriage contracted by him elsewhere."

The plaintiff's marital status persists despite the outstanding judgment of separation. If the defendant's argument be carried to its logical conclusion, there would be no distinction between a separation and a divorce, for in either event the plaintiff's marital rights would suffer practical destruction. To deprive the plaintiff of her status by fraudulent resort to a foreign jurisdiction; to impose upon her the burden of defending her rights in any part of the country which the defendant may select as a forum; to cast upon her the suspicion that she was guilty of misconduct justifying a divorce in this State, all point to a direct and immediate invasion of her rights, to protect which equity will award injunctive relief. (*Greenberg* v. *Greenberg*, 218 App. Div. 104; *Johnson* v. *Johnson*, 146 Misc. 93; *Gwathmey* v. *Gwathmey*, 116 id. 85; affd., 201 App. Div. 843.)

Settle findings and judgment accordingly on notice.