VICTORIA W. GOLDSTEIN, Respondent, *v.* EDWARD GOLDSTEIN, Appellant.

Submitted April 9, 1940; decided May 28, 1940.

*Mortimer J. Levie* and *Jerome A. Strauss* for appellant. The complaint fails to state a cause of action. (*Baumann* v. *Baumann,* 250 N. Y. 382; *Somberg* v. *Somberg,* 263 N. Y. 1; *Lowe* v. *Lowe,* 265 N. Y. 197; *DeRaay* v. *DeRaay,* 280 N. Y. 822; *United Cigar Stores Co.* v. *Levin,* 198 App. Div. 268; *Paramount Pictures, Inc.,* v. *Blumenthal,* 256 App. Div. 756; 281 N. Y. 682; *McHenry* v. *Jewett,* 90 N. Y. 58; *Brass* v. *Rathbone,* 153 N. Y. 435.)

*Harold Green* and *Simon S. Hamburger* for respondent. The complaint states a good cause of action for injunctive relief. (*Dyer* v. *Broadway Central Bank*, 252 N. Y. 430; *Hurwitz* v. *Hurwitz*, 216 App. Div. 362; *Webster* v. *Columbian Nat. Life Ins. Co.*, 131 App. Div. 837; 196 N. Y. 523; *N. & N. B. Hosiery Co.* v. *Arnold*, 143 N. Y. 265; *Pond* v. *Harwood*, 139 N. Y. 111; *Claflin & Co.* v. *Hamlin*, 62 How. Pr. 284; *N. Y. & N. H. R. R. Co.* v. *Schuyler*, 17 How. Pr. 464; *Hayes* v. *Ward*, 4 Johns. Ch. 123; *Forrest* v. *Forrest*, 2 Edm. Rep. 180; *Moran* v. *Sturges*, 154 U. S. 256; *Cole* v. *Cunningham*, 133 U. S. 107; *Greenberg* v. *Greenberg*, 218 App. Div. 104; *Johnson* v. *Johnson*, 146 Misc. Rep. 93; *Jeffe* v. *Jeffe*, 168 Misc. Rep. 123; *Dublin* v. *Dublin*, 150 Misc. Rep. 694; *Richman* v. *Richman*, 148 Misc. Rep. 387; *Gold* v. *Gold*, 154 Misc. Rep. 93; 243 App. Div. 666; *Gwathmey* v. *Gwathmey*, 116 Misc. Rep. 85; 201 App. Div. 843.)

SEARS, J. The parties to this action are husband and wife. The wife, who is the plaintiff, seeks a judgment permanently restraining the defendant and his agent from prosecuting or going forward with an action against her for divorce in a Florida court. On her complaint and affidavit she moved and obtained at the Special Term a temporary injunction which has been affirmed on appeal. The Appellate Division has allowed an appeal to this court and has certified the question " Does the complaint herein state facts sufficient to constitute a cause of action for injunctive relief? " It is alleged in the complaint that the parties were married in this State, have lived here as husband and wife for over twelve years and are both still residents of this State, and that the defendant is engaged in business in this State; that the defendant, without provocation or excuse, abandoned the plaintiff in 1932 and since then has refused to reside with her and has kept apart from her; that since the defendant's abandonment of her, he has on occasions attempted to induce her to bring an action against him for an absolute divorce, which the plaintiff has, however, refused to do; that the plaintiff has received by

mail a notice from the Circuit Court, Eleventh Judicial Circuit, Dade county, Florida, in chancery, ordering that the plaintiff be required to appear to the bill of complaint filed in the action Edward Goldstein against Victoria W. Goldstein on or before the 5th day of June, 1939, otherwise the allegations of the bill would be taken as confessed.

On these facts the courts of the State of Florida are wholly without jurisdiction to render a valid divorce against the plaintiff. Florida is not their matrimonial domicile. (*Haddock* v. *Haddock*, 201 U. S. 562; *Dean* v. *Dean*, 241 N. Y. 240; *Ball* v. *Cross*, 231 N. Y. 329.) Neither of the parties is a resident of that State. The plaintiff has nothing to fear from the action which her husband has sought to bring against her in Florida for on her statement a judgment entered therein would be a nullity. She might be annoyed thereby. It is possible that by production of evidence contrary to what the plaintiff alleges to be the truth, the courts of Florida might be induced to grant a judgment, and, on the strength of this judgment, the defendant might remarry and thus bring it about that another woman would bear the name to which she herself is entitled. Such considerations are not sufficient to warrant the interposition of the equity powers of our court. In *Baumann* v. *Baumann* (250 N. Y. 382) a wife was refused an injunction against another woman using her husband's surname where her husband had obtained in a foreign country a divorce and on the strength of this void judgment had married the woman against whom the wife sought injunctive relief. The prevailing opinion contains the following: " In the last analysis the only injury alleged is an injury to plaintiff's feelings. For such an injury an injunction will not be granted " (p. 388). To the same general effect are *Somberg* v. *Somberg* (263 N. Y. 1) and *Lowe* v. *Lowe* (265 N. Y. 197). In *DeRaay* v. *DeRaay* (280 N. Y. 822) the facts were similar to those in the instant case, except that in that case no action had been brought against the plaintiff in a foreign State although it had been threatened. It is true that in the Appellate Division in that case the fact that no action had

been instituted in the foreign jurisdiction was stressed. This, however, is of little importance. The foreign court would be manifestly wanting in jurisdiction and its pronouncements without weight. The bringing of an action in a court having no jurisdiction is not an injury when the threat to do so is not. It is scarcely a greater annoyance.

The orders should be reversed and the complaint dismissed, without costs. The question certified is answered in the negative.

LOUGHRAN, J. (dissenting). A husband and wife have their matrimonial domicile in this State. He has commenced against her in the State of Florida a suit for divorce. She has received through the mails official notice that her failure to appear in answer to that suit will be taken to be a confession by her of the allegations of her husband's bill of complaint therein. Her lack of means will compel her to let this notice go unheeded.

These are the material facts alleged by the wife in her complaint in the present action for an injunction against the prosecution by the husband of his suit in Florida. Whether her complaint states a cause of action sufficient to warrant the granting of that kind of injunctive relief is the question to be determined. By his motion to dismiss her complaint, the husband constructively admits the material allegations of the pleading.

We must suppose, then, that the Florida court has no jurisdiction of the husband's suit and that his institution thereof was fraudulent. It may very well be, however, that the threatened " void " judgment of the Florida court will genuinely prejudice the wife in the maintenance of her objective rights. If the husband make another marriage on the strength of such a judgment, his second wife will have tangible and practical *quasi*-matrimonial claims upon him which the courts of this State will now recognize. (*Krause* v. *Krause*, 282 N. Y. 355.)

The inherent power of equity in a proper case to enjoin the prosecution of a foreign suit is undoubted  (The relevant

authorities have been compiled by Chaffee and Simpson in volume I of their Cases on Equity Jurisdiction, p. 165 *et seq.*) Hardship and injustice to this wife are to be weighed against the policy that the court should not be precipitate in interference with legal proceedings in sister States. My judgment is that the present complaint states a case wherein the court below may fittingly say to the husband as a citizen of New York that he must stop the prosecution of his false Florida suit.

In that view, the order of the Appellate Division should be affirmed and the question certified answered in the affirmative.

CONWAY, J. (dissenting). There has been certified the following question: Does the complaint herein state facts sufficient to constitute a cause of action for injunctive relief? The complaint alleges in substance that plaintiff and defendant were married and resided as husband and wife in the city, county and State of New York; that at the time of the commencement of this action and for many years prior thereto both the plaintiff and defendant were residents of the city, county and State of New York and that defendant now has his place of business in the county of New York; that defendant deserted and abandoned plaintiff but has continued to reside in the city of New York; that since said abandonment defendant has sought to induce plaintiff to bring an action against him for absolute divorce and has stated that he desired to be freed from the bonds of matrimony; that plaintiff has refused to comply with defendant's request; that in May, 1939, " plaintiff received through the mail, a notice consisting of an order for publication that the defendant herein had instituted an action for a divorce against this plaintiff in the Circuit Court, Eleventh Judicial Circuit, Dade County, State of Florida;" that defendant " has not and has not had even a colorable residence or domicile in the State of Florida;" that plaintiff is financially unable to bear the expense of defending the action brought against her in the Florida court and cannot bear the expense

of employing counsel of such standing and prominence to be competent " to cope with counsel employed by defendant who is a man of considerable income and fortune;" that plaintiff is not in a " position to stand the additional expenses' necessary to defend such action on her behalf including the expense of bringing witnesses from New York and necessarily maintaining them while in the State of Florida;" that all of the witnesses for the plaintiff and defendant are residents of the State of New York; that all of the acts alleged by the defendant in his complaint in the Florida action must necessarily have occurred in the State of New York; " that plaintiff will be irreparably damaged and will be apparently deposed of her status as the wife of the defendant herein and of her property rights if the defendant be permitted to prosecute the action for divorce instituted by him in the state of Florida;" and " that plaintiff has no adequate remedy at law."

The relief prayed for is that defendant and his agents and attorneys be permanently and perpetually enjoined from prosecuting the Florida action for divorce and that he be similarly enjoined *pendente lite.*

We find no case in this court where the facts are precisely similar. Defendant relies on *Baumann* v. *Baumann* (250 N. Y. 382); *Somberg* v. *Somberg* (263 N. Y. 1); *Lowe* v. *Lowe* (265 N.Y. 197) and *DeRaay* v. *DeRaay* (280 N.Y. 822). These cases may be readily distinguished. In the *Baumann* case there was a document which purported to grant a divorce; in the *Lowe* case the foreign divorce action had resulted in judgment; in the *Somberg* case no action in a foreign State had been brought, and in the *DeRaay* case such action was threatened but had not been commenced.

The text writers have stated the applicable rule as follows:

" Accordingly, proceedings in another state may be enjoined when the claim is entirely invalid and it would work an injustice to compel the defendant at law to resort to the courts of the foreign jurisdiction. It would seem that the true basis of the jurisdiction in such a case is that the foreign court cannot do as complete justice as the domestic court.

Thus, in divorce suits, where the plaintiff has obtained a *mere colorable residence* in another state for the purposes of the action, the defendant may obtain an injunction in the state of *residence*, the hardship of making a long journey to present her defense appealing to the court." (5 Pomeroy's Equity Jurisprudence [2d ed.], § 2091.)

" Where a husband or wife leaves the state of their domicile and goes to a foreign state and there secures a mere *nominal* or *colorable* residence for the purpose of bringing divorce proceedings, such a case of injustice and irreparable injury is made out as to entitle the aggrieved spouse to an injunction restraining the other from prosecuting divorce proceedings in that state based upon such pretended domicile." (2 High on The Law of Injunctions [4th ed.], § 1401-a.)

Equity does not grant the injunction in such cases by way of administering " paternal relief in domestic affairs." (*Baumann* v. *Baumann, supra*, p. 389.) There is no similarity here to the *Baumann* case. There the document purporting to grant a divorce had been issued. There was nothing in connection with the obtaining of it to be restrained. Equity exercises jurisdiction on behalf of one party to a status created in and by this State in order to prevent a threatened wrong by the other party to the status, in this case the husband, in continuing an action for divorce in another jurisdiction and in consummating that which is *on its face a patent fraud.* (*Greenberg* v. *Greenberg,* 218 App. Div. 104 at p. 116.) Equity has never hesitated to restrain fraudulent and vexatious litigation in a foreign jurisdiction by one resident against another, involving a status created in the actual domicile and residence of both. (*Gwathmey* v. *Gwathmey,* 116 Misc. Rep. 85; affd., 201 App. Div. 843; *Greenberg* v. *Greenberg,* 218 App. Div. 104; *Forrest* v. *Forrest,* 2 Edmonds' Rep. 180; *Kittle* v. *Kittle,* 8 Daly's Rep. 72; *Kempson* v. *Kempson,* 58 N. J. Eq. 94; *von Bernuth* v. *von Bernuth,* 76 N. J. Eq. 177; *Knapp* v. *Knapp,* 12 N. J. Misc. 599; *Moore* v. *Moore,* 12 Times Law Reports, 221. See, also, 2 Joyce on Injunctions, § 968-a; American Law Institute, Restatement

of the Law of Conflict of Laws, New York Annotations, § 96; 19 Corpus Juris, Divorce, § 263.)

So clear is the rule and so necessary its application that injunctions in similar cases have been issued following well-considered opinions in every department of the State.

In *Greenberg* v. *Greenberg*, in the First Department (*supra*, at pp. 115, 116), the court said:

" Nor is it an answer to this application for relief to say that the decree of divorce sought to be obtained in Mexico will be invalid in this State and, therefore, plaintiff needs no injunction to prevent its issuance. The defendant cannot be presumed to have gone to the expense and trouble of placing himself under the jurisdiction of the courts of Mexico as a mere gesture of protest or spite. He is endeavoring not merely in that forum to obtain a decree of divorce but to question the legitimate birth of his child and to settle the amount he is to pay for the maintenance of wife and child here. He says he is now advised by his counsel (presumably his New York counsel) that a decree obtained in Mexico under the circumstances present in his case there, is absolutely null and void so far as this plaintiff is concerned. Why then does he object to his useless action being enjoined and why does he fail to abandon it, but on the contrary resist any attempt to halt its progress? If he were allowed to prosecute his Mexican action to judgment, undoubtedly he would then find Mexican counsel to advise him that his divorce obtained there was valid in Mexico, and that he was free to contract a second marriage in that country. Thus plaintiff would be in danger of having her status assailed and her rights invaded by having a husband with one wife in New York and another in Mexico.

" Furthermore, the mere fact that a husband has secured a divorce from his wife gives ground for suspicion at least of the virtue and fidelity of the latter, on the part of the general public, in the domicile of both parties, who are unacquainted with the infinite variety of causes for which divorces may be granted in other jurisdictions and have heard only of the usual statutory ground for divorce in this

State. A wife who has given no ground for divorce in this State where she and her husband have always lived during their married life, should not be exposed to the humiliation and doubt as to her status raised by a judgment of divorce in another State, even if fraudulently obtained and invalid here.

" There are many conceivable uses to which such a judgment of divorce could be put, causing plaintiff expense, litigation, worry, annoyance and misrepresentation. It is no answer to say that she must ultimately succeed against any attack made upon her, under the judgment, as it is invalid. The true answer is, that as a citizen of this State she is entitled to the aid of its courts to prevent the commission of a threatened wrong by her husband, also a citizen of this State, by his obtaining a decree of divorce in another jurisdiction, in evasion of the laws of this State, in violation of her rights and in consummation of a patent fraud."

In *Gwathmey* v. *Gwathmey*, in the First Department (*supra*, at p. 88), the court said: " It appears from the proof submitted that the defendant cannot obtain a judgment in the Florida suit which will be binding on the plaintiff. She should not therefore be subjected to the trouble of appearing in the Florida court to resist her husband's claim or of attacking such a decree as he might obtain when it is attempted to be enforced in this State. This court has power to restrain him from carrying on an inequitable, harassing and vexatious suit in another jurisdiction. This power is not predicated on the right to interfere with and control the course of proceedings in other tribunals, but the jurisdiction is founded on the authority vested in courts of equity over *persons* within the limits of their jurisdiction and amenable to process to restrain them from doing acts which will work an injury to others, and are therefore contrary to equity and good conscience. (*Claflin & Co.* v. *Hamlin*, 62 How. Pr. 284; *Dehon* v. *Foster*, 4 Allen, 545; *Locomobile Co.* v. *American Bridge Co.*, 80 App. Div. 44, and other cases above cited.)"

In the Second Department, in *Jeffe* v. *Jeffe* (168 Misc. Rep. 123).

In the Third Department, in *Johnson* v. *Johnson* (146 Misc. Rep. 93) and *Richman* v. *Richman* (148 Misc. Rep. 387).

In the Fourth Department, in *Dublin* v. *Dublin* (150 Misc. Rep. 694).

In the Restatement of the Law of Conflict of Laws, section 96, the rule is stated as follows:

" § 96. Enjoining acts in another state. A state can exercise through its courts jurisdiction to forbid a party, who is subject to its jurisdiction, to do an act in another state.

" Comment: ' a. In the exercise of their discretion courts frequently forbid individuals subject to their jurisdiction to perform acts in another state. Since such a decree can be carried out without disturbing the physical status quo in another state and since the defendant may ordinarily obey the injunction by remaining in the state which issues the decree, such orders are not uncommon. Whether a decree of this character will be rendered depends upon the principles of equity jurisprudence as understood and developed by the courts of the forum and is no part of the Restatement of this Subject. *It may be stated, however, that when acts are threatened which subject the plaintiff to irreparable damage or when the balance of convenience and fairness require, such a decree will readily be issued.'* " (Italics added.)

In the New York Annotations to the foregoing it is stated, section 96: " The section is in accord with the law of New York."

It is urged that there exists in the moving party no substantial legal right to be protected and that, therefore, in view of the case of *Baumann* v. *Baumann* (*supra*), the plaintiff is not entitled to injunctive relief. Here again the facts in the instant case are clearly distinguishable from the facts in the *Baumann* case. The plaintiff here has pleaded that she will be deprived of her property rights if the defendant be permitted to continue the prosecution of the action for divorce instituted by him in the State of Florida. This is a pleading of ultimate fact. (3 Carmody's New York

Practice, § 913; *Cleminshaw* v. *Coon*, 136 App. Div. 160; *People ex rel. Crane* v. *Ryder*, 12 N. Y. 433.) A bill of particulars will disclose what those property rights are. In addition the plaintiff is entitled to maintenance and support. There has been no separation agreement and no release of any property rights. In the *Baumann* case there was a separation agreement based upon which there had been a release of dower rights and the complaint did not allege that any of plaintiff's property rights were affected or endangered by the conduct of her husband or his so-called second wife.

It is further urged that a divorce obtained under these circumstances by defendant is void in this State and can do no harm to plaintiff but will be merely an annoyance of which equity will not take cognizance by the issuance of an injunction. It will be potentially more than that since our decision in *Krause* v. *Krause* (282 N. Y. 355). If the defendant marry again after obtaining his Florida divorce and return with his so-called second wife to this State, a situation of more than annoyance will result. If he be sued by the so-called second wife for separation and support, he will not be permitted to deny that she is his wife, since *he* sought and obtained the decree of divorce in Florida. He must support two wives and the amount of support for the plaintiff here may well be affected by the support necessary for the so-called second wife. That is indeed a situation which equity should envision and against which it should guard one of our residents. All the circumstances justifying the interposition of a court of equity exist and the question should be answered in the affirmative.

The order of the Appellate Division should be affirmed, with costs.

LEHMAN, Ch. J., FINCH, RIPPEY and LEWIS, JJ., concur with SEARS, J.; LOUGHRAN and CONWAY, JJ., dissent in separate opinions.

Orders reversed, etc.