TILLIE SELKOWITZ, Plaintiff, *v.* LOUIS SELKOWITZ, Defendant.

Supreme Court, Special Term, Bronx County, January 7, 1943.

*Charles Entmacher* for plaintiff.

No appearance for defendant.

McGEEHAN, J. Tillie Selkowitz, residing at 1770 Davidson Avenue, New York City, has made application to this court for relief in the form of an injunction restraining her husband, Louis Selkowitz, from proceeding with an action instituted by him in the Canal Zone against her for an absolute divorce on the grounds of grievous mental pain, alleging that his wife con-

stantly nagged him, accused him wrongfully of associating with dissolute women, ridiculed him and his parents in the presence of others, used profane and abusive language towards him, and drank to excess, and then quarreled with him without provocation. This action was commenced by the husband against his wife in the United States District Court for the District of the Canal Zone, Division of Balboa, and on December 20, 1942, the wife received by mail an envelope containing a notice of publication and a summons and a bill of complaint in said action.

It appears that the parties were married in the State of New York on February 6, 1932; that they resided in the State of New York, county of Bronx, and had one child, David, three years of age, who resides with his mother. It further appears that in April, 1941, the husband procured a position as electrician with Swinerton, Hegeman and McClure in the Panama Canal Zone, where he instituted his action for a divorce after allegedly establishing his legal domicile. The wife, like so many other women, has not the financial ability or means to follow her husband in order to protect her marital rights and status, and makes due application to this court for appropriate relief.

On May 28, 1940, the Court of Appeals handed down an opinion in the case of *Goldstein* v. *Goldstein* (283 N. Y. 146), which would militate against the granting of this application. But this court is mindful of the fact that the Court of Appeals proceeded upon the assumption that the ruling in *Haddock* v. *Haddock* (201 U. S. 562) was the prevailing law. However, the ruling by the United States Supreme Court in the case of *Williams* v. *North Carolina* (317 U. S. 287, decided December 21, 1942) specifically overruled the disposition in the *Haddock* case, and this court entertains some doubt as to whether the ruling in *Goldstein* v. *Goldstein* (*supra*) will preclude this court from granting to the wife the relief sought herein under prevailing conditions.

It appears unduly harsh on any wife if, after being married in the State of New York and residing with her husband in the State of New York and bearing him a family in the State of New York, she suddenly finds herself no longer a wife because her husband has seen fit to leave the State of New York and to establish his domicile in some other jurisdiction for the purpose of obtaining a divorce in that other jurisdiction where divorces can be obtained upon grounds such as cruelty or incompatibility, or some other ground not recognized as a basis for a divorce in New York State; and after obtaining such a divorce he can return to New York and be entirely free of his marital

obligations to his wife, although she has always remained in the State of New York.

In the past, where parties have resided in the State of New York and have found themselves unable to continue the marital relationship, subsequent separation agreements have been enforced where the parties have agreed to certain terms and the husband thereafter undertakes to act in a manner that is more than a threat to rid himself of his wife through the means of establishing a domicile in another jurisdiction in order to obtain a divorce. (*DeRaay* v. *DeRaay,* 280 N. Y. 822.) Certainly if equity intervenes to give effect to separation agreements, there is more reason to intervene to give effect to a marriage contract entered into in the State of New York by residents who were domiciled in the State of New York and who reared their family in the State of New York, upon a showing that the husband presently threatens, by affirmative action, the wife's marital rights and status. Assuming that the husband can carry the marital *res,* for his purpose of obtaining a divorce, with him by establishing his domicile in some other State or jurisdiction, it does not follow that he can discharge himself from all obligations assumed in New York State by the execution of his contract of marriage in New York State, and over which New York has retained some jurisdiction because one of the contracting parties still resides within its jurisdiction and has as much claim to the marital *res* as the husband. It may be contended that a contract of marriage entered into in New York State has by implication the requirement that it is to be governed by the law of contracts applicable to New York State contracts. It may be that the contract is not completely merged in the marital *res* for such purposes where equity and justice warrant the relief granted herein, especially where the marital *res* may be asserted to be in two separate places at the same time.

The application is accordingly granted. Order signed and stay granted.