RUTH ADAMS, Plaintiff, *v.* WILLIAM A. ADAMS, Defendant.

Supreme Court, Westchester County, April 30, 1943.

*Coudert Bros.* for plaintiff.

*Sol Rubin* for defendant.

PATTERSON, J. The plaintiff in her action for separation moves for a permanent injunction restraining the defendant from proceeding with a divorce action against her in the State of Florida. She commenced the action by the personal service of a summons upon the defendant in the State of New York on November 19, 1942. The defendant alleges that he " took out " a residence in the State of Florida on December 31, 1942, and on April 1, 1943, having thereby completed the three months' residence required by the laws of Florida, commenced an action for divorce against the plaintiff, and caused a notice of suit to be served upon her by mail, requiring her to appear in the Florida suit on or before May 3, 1943. Plaintiff has not been personally served in the Florida action, and has not appeared therein. The defendant is in default in answering in this action, although he has generally appeared herein.

The inherent power of equity in a proper case to enjoin the prosecution of a foreign suit is unquestioned. It has repeatedly been held that this court has power and jurisdiction to restrain

the carrying on of an inequitable, harassing and vexatious suit in another jurisdiction. The jurisdiction of this court here is founded not only upon the fact that the summons in this action was personally served on the defendant in the State of New York, but upon the further fact that this State is and has been the matrimonial domicile of the parties for many years. (See *Greenberg* v. *Greenberg,* 218 App. Div. 104.)

The defendant relies upon the case of *Goldstein* v. *Goldstein* (283 N. Y. 146) as authority for refusing to grant a permanent injunction here. That case on its face would seem to be clear justification for refusing the injunction sought. The theory of that decision was that since the Florida divorce would be a nullity, the plaintiff had nothing to fear from the action which her husband had sought to bring against her in Florida, and at the most she would merely be annoyed thereby, and that an injunction should not issue to restrain a mere annoyance.

Here, the plaintiff alleges that the so-called domicile established by the defendant in the State of Florida is a mere sham, and that the Florida court has no jurisdiction to grant a divorce which would be recognized by the courts of this State, and hence, according to her own showing, she could not be harassed or annoyed by a decree of the State of Florida as it would be a mere nullity so far as she is concerned.

It must be borne in mind that the decision in the *Goldstein* case (283 N. Y. 146, *supra*) was based upon the decision in *Haddock* v. *Haddock* (201 U. S. 562), which latter case was specifically overruled by the United States Supreme Court in the case of *Williams* v. *North Carolina* (317 U. S. 287). Unquestionably some doubt has been cast upon the decision in *Goldstein* v. *Goldstein* (*supra*) in view of the overruling of *Haddock* v. *Haddock* (*supra*) by the United States Supreme Court. That doubt can only be determined by a decision of our Court of Appeals in which the effect of *Williams* v. *North Carolina* (*supra*) will be determined.

In the meantime, I think that any doubt as to the present applicability of *Goldstein* v. *Goldstein* (283 N. Y. 146, *supra*) should be resolved in favor of the plaintiff. Then, too, in the *Goldstein* case no showing of irreparable damage or any damage at all was made by the plaintiff in order to justify an injunction.

Mr. Justice McGEEHAN as late as January 7, 1943, in the case of *Selkowitz* v. *Selkowitz* (179 Misc. 608), where the situation was quite similar to the one here, granted an injunction enjoining and restraining the husband from proceeding with a divorce

action in the Panama Canal Zone. The reasons why the temporary injunction in this action should be made permanent are stronger than the *Selkowitz* case (*supra*), because in that case the defendant husband was actually residing in the Panama Canal Zone, and was not personally served in the action in the State of New York, whereas in the case at bar the defendant was personally served with the summons in this State and has generally appeared herein.

· It would certainly work a hardship on the plaintiff here to permit the defendant to continue with his action in the State of Florida. As Judge McGEEHAN wrote in the *Selkowitz* case (*supra*): " It appears unduly harsh on any wife if, after being married in the State of New York and residing with her husband in the State of New York * * *, she suddenly finds herself no longer a wife because her husband has seen fit to leave the State of New York and to establish his domicile in some other jurisdiction for the purpose of obtaining a divorce in that other jurisdiction * * * upon grounds * * * not recognized as a basis for divorce in New York State; and after obtaining such a divorce he can return to New York and be entirely free of his marital obligations to his wife * * *."

It is my opinion that a permanent injunction should be granted enjoining and restraining the defendant from all further proceedings in the Florida divorce action.