JANE JONES, Plaintiff, *v.* KINGSLEY JONES, Defendant.

Supreme Court, Special Term, New York County, May 11, 1943.

*Frederick Malcom Wolf* for plaintiff.

*Leo Harold Katman* for defendant.

BERNSTEIN, J. This action was brought by a wife to enjoin her husband from bringing an action against her for a dissolution of their marriage in the courts of any jurisdiction other than the State of New York. Simultaneously with the service of the summons and complaint the plaintiff has made this motion for an order to restrain the commencement of such action *pendente lite*. The relief sought is predicated upon the contention that the recent decision of the Supreme Court of the United States in *Williams* v. *North Carolina* (317 U. S. 287) has had the effect of overruling the prior decision of our own Court of Appeals in *Goldstein* v. *Goldstein* (283 N. Y. 146), which had held such an action futile and unmaintainable.. Two recent Special Term decisions are pointed to as sustaining this contention. (*Selkowitz* v. *Selkowitz*, 179 Misc. 608; *Adams* v. *Adams*, 180 Misc. 578.)

Regardless of the effect of the *Williams* decision, the inherent power of a court of equity to enjoin the prosecution of a foreign suit which is calculated to injure or harass a resident of this State is unquestioned. Where it is exercised, the jurisdiction is founded not only upon the fact that the defendant is found within the State, but that the plaintiff is a resident entitled to its protection. (*Greenberg* v. *Greenberg*, 218 App. Div. 104.) That was the underlying reason for the assumption of jurisdiction in each of the cited cases.

The instant case presents a different situation. The defendant not only claims to be a *bona fide* resident of the State of Michigan, but insists that that State is the matrimonial domicile of both his wife and himself. The plaintiff's denial of that claim merely creates an issue of fact upon a question that lies at the root of her right of action. To award her a temporary injunction which would in effect grant her all the relief which she seeks in her complaint would amount to deciding that vital issue upon affidavits.

The motion is denied, but the plaintiff may have leave to place the case upon the calendar for trial on a day certain as soon as issue has been joined or the time to do so has expired. Settle **order.**