ANNABELLE OLTARSH, Plaintiff, *v.* ABRAHAM L. OLTARSH, Defendant.

Supreme Court, Special Term, New York County, September 7, 1943.

*Sydney R. Snitkin* for plaintiff.

*Julius R. Oltarsh* for defendant.

NULL, J. Substantial rights already vested under a decree of this court may be nullified by the defendant's impending action in view of the holding in *Williams* v. *North Carolina* (317 U. S. 287). Under such circumstances the court may intervene to ward off threatened harm. (*Greenberg* v. *Greenberg,* 218 App. Div. 104.)

Nor is the holding in *Goldstein* v. *Goldstein* (283 N. Y. 146) determinative of this application. That decision was reached prior to the holding in the *Williams* case and depended for its authority upon the validity of *Haddock* v. *Haddock* (201

U. S. 562). Inasmuch as the *Williams* case has overruled the jurisdictional principles laid down in the *Haddock* case, the threatened injury is no longer illusory. Equity may fashion its remedy to guard against the reality of harm.

The fact that no action is yet pending in Nevada does not militate against injunctive relief. The imminence of harm is no less real because impending danger has not yet ripened into a destruction of rights. Where peril exists, there the court may intervene to offer its protection.

The behavior of the defendant gives force to the plaintiff's fear that her husband intends to create a condition which may impair her rights under the decree of separation. The dubious explanation of defendant's presence in Reno, Nevada; the correspondence of the lawyers and other circumstances warrant the conclusion that the plaintiff's fears are based on more than mere suspicion. Upon a trial these fears may prove to be unfounded. At all events, until then, the defendant cannot be prejudiced by a formal restraint of conduct which he professes no desire to pursue.

The motion is granted. Settle order.