Frances T. Newman, Plaintiff, *v.* David M. Newman, Defendant.

Supreme Court, Special Term, Kings County, September 29, 1943.

*Benjamin Diamond* for plaintiff.

*Frank T. Kleiger* for defendant.

Hallinan, J. The plaintiff seeks a temporary injunction restraining the defendant, her husband, from prosecuting an

action for absolute divorce instituted by him in the First Instance Civil Court of the Bravos District, State of Chihuahua, Mexico.

The complaint in the Mexican action was served upon the plaintiff in New York, on September 21, 1943, in the presence of the defendant herein. The cause of action purported to be alleged therein is predicated upon " absolute incompatibility of temperaments " between the parties. The plaintiff contends that she is financially unable to bear the expense of defending the Mexican action and that unless the defendant is enjoined and restrained from the continuance thereof she will suffer irreparable damage, harassment and injury.

The Court of Appeals on May 28, 1940, handed down a decision in which relief similar to that sought herein was denied upon the theory that the plaintiff had nothing to fear from the action which the husband had brought against her in the State of Florida, since the courts thereof were wholly without jurisdiction to render a valid decree of divorce against her (*Goldstein* v. *Goldstein,* 283 N. Y. 146). The plaintiff suggests that this holding is no longer applicable in view of the recent decision handed down by the Supreme Court of the United States in *Williams* v. *North Carolina* (317 U. S. 287), which expressly overruled a prior decision of that court (*Haddock* v. *Haddock,* 201 U. S. 562) upon which the decision in the *Goldstein* case (*supra*) rested.

This may be true with respect to a divorce decree sought to be obtained in one of the States of the union as to which the mandate of the full faith and credit clause of the Federal Constitution would apply, but it cannot be true as to a divorce decree sought in the courts of a foreign country, which, at best, have been recognized here merely as a matter of comity. (*Gould* v. *Gould,* 235 N. Y. 14; *Martens* v. *Martens,* 284 N. Y. 363.) This is particularly so where the action for divorce has, as here, been instituted by " mail order " through a power of attorney granted to a lawyer in Mexico. Such decrees of divorce have been held null and void in the past (*Matter of Alzmann* v. *Maher,* 231 App. Div. 139; *Baumann* v. *Baumann,* 250 N. Y. 382; *May* v. *May,* 251 App. Div. 63; *Vose* v. *Vose,* 280 N. Y. 779) upon the ground that the court which granted them did not have the slightest semblance of jurisdiction. There is nothing in the *Williams* case (*supra*) which would obligate this court to give a Mexican mail order decree of divorce any greater faith than it has received in the past. The reasoning and decision in the *Goldstein* case (*supra*) are therefore controlling here and the motion must be denied.