EDWARD J. McDONALD, Plaintiff, *v.* KATHERINE I. McDONALD, Defendant.

Supreme Court, Special Term, New York County, July 3, 1944.

*Gerald Donovan* and *Francis F. Stevens* for plaintiff.

*J. Edward Lumbard, Jr.,* for defendant.

SCHREIBER, J. The action is by plaintiff husband for a separation and a permanent injunction. Defendant wife has appeared generally. During the pendency of the action, defendant commenced a Florida divorce action and plaintiff, who has not appeared in the Florida action, now moves this court to enjoin that suit *pendente lite.*

Following the impact of *Williams* v. *North Carolina* (317 U. S. 287) upon *Goldstein* v. *Goldstein* (283 N. Y. 146) relief in this nature has been granted by our courts. (See cases collated in *Wolman* v. *Wolman,* 182 Misc. 602.) However, in my opinion, the power of the court in this regard is in any event limited to restraining a resident from a fraudulent application to a foreign court upon a false statement of residence in the foreign jurisdiction. (*Carr* v. *Carr,* N. Y. L. J., February 3, 1944, p. 456, col. 7, affd. 267 App. Div. 980.)

In the case at bar, on the papers before me, the wife's residence and domicile in the State of Florida must be held to be bona fide. Thus an injunction would be improper for the reasons stated. And in any practical sense such a restraining order would be a futility (*Jones* v. *Jones,* 180 Misc. 703; Civ. Prac. Act, § 878, subd. 1) and it has been so held by the Appellate Division of this Department (*May* v. *May,* 233 App. Div. 519█). It follows that the motion must be denied. Order signed.