GWENDOLYN LAWRENCE, Plaintiff, against ROBERT E. LAWRENCE, Defendant.

Supreme Court, Special Term, Kings County, January 23, 1945.

516

*John B. Fitzpatrick* for defendant.

*Louis Richman* for plaintiff.

F. E. JOHNSON, J. The question of enjoining defendant husband from procuring a divorce outside of this State is presented by this motion upon the following situation of fact: The plaintiff, suing in this action for a separation, was dismissed at the trial; the judgment contained provisions for custody and visitation pursuant to section 1170-a of the Civil Practice Act; she was to have the custody and defendant was to have reasonable visitation " at the home of the plaintiff "; the days and hours were specified and it was provided that the child should " not be taken out of the State of New York by either the plaintiff or the defendant." Apparently the trial justice contemplated the possibility that the mother might be absent from New York occasionally since he provided that if she was absent from this State more than five consecutive days defendant should have the custody during that period of absence. Thereafter, because of alleged failure of the husband to pay the amount fixed for the child's support, she took the child to California, where her family lives. This was done without any agreement between the parties or any modification of the judgment. The defendant, being then in the armed service, stationed in Florida, obtained the opportunity to go to California, and without an agreement to that effect brought the child to New York and placed her in his mother's custody here. Thereafter the plaintiff eventually obtained funds wherewith to come to New York, and having done so, found that the child was not with her mother-in-law, but that the defendant had taken the child with him when he left Brooklyn to return to camp. Whether or not he placed the child in the custody of

someone else has not yet been determined, except that upon one of the motions arising out of the situation the court has drawn the inference of fact that the child was not brought to the military camp, and is, in all probability, within this State.

Each party has made a motion which may be thus summarized: by an order to show cause returnable November 27, 1944, the father moved to modify the judgment so that custody would be entrusted to him, and the papers were to be served upon his wife at the address given in California; the order to show cause is dated November 6th; his affidavit is sworn to, October 7, 1944, before a notary public, the venue being laid in New York County. The affidavit does not make any direct statement concerning his residence but says that he is stationed at an army camp in Florida and expected to be transferred to a camp in Virginia. While the argument of that motion was pending plaintiff made a cross motion asking for various items of relief, including an order enjoining her husband from prosecuting a divorce action that he had begun in Florida; she annexed her copy of an order of publication, made in the Florida court during November, 1944; there is no affidavit denying the husband has taken such divorce proceedings. The defendant's counsel challenges the plaintiff's right to an injunction on the ground that (aside from the fact that she is not a resident of this State) there is no showing of any state of facts on which a Florida decree would have validity, because of the absence of any allegations here showing that the defendant was in fact thus domiciled in Florida. The Special Term authorities cited by the plaintiff to the effect that since *Williams* v. *North Carolina* (317 U. S. 287) the decision in *Goldstein* v. *Goldstein* (283 N. Y. 146) is no longer the law, are not based upon a finding of fact that the party seeking the foreign decree is not a resident of the foreign jurisdiction. If the foreign decree is prima facie valid, then the defendant here will not have to defend the decree by showing that in fact he was a resident of Florida; the burden of showing the contrary will be upon the wife, who will be required to show the invalidity of the decree. If since the *Williams* decision (*supra*) the husband obtains a foreign decree (even without the proper factual foundation) he will put a burden upon the plaintiff which will be substantial and may not be easy to meet. There is nothing in the papers to offset the presumption that the domicile and residence of a soldier, while in the Army, does not shift with each transfer to another military camp, but remains the place from which he was inducted, and to which the Army will naturally return him. It is probably legally impossible for

defendant to obtain a Florida decree upon the facts here presented. He might, perhaps, have established residence, since a change of residence is not difficult to effect, but there is nothing presented to show that he ceased to be a resident of this State and acquired residence elsewhere. What he has done in Florida must be based upon a fraudulent representation to that court concerning his residence in Florida, and while it is not clear how far the suit has progressed, and whether or not an injunction will be too late to prevent the decree, it ought to be granted, so that whatever steps remain to be done to complete the proceedings there may be halted. The other parts of the motion are reserved, and in order to permit an order being signed now, the motion is severed. Settle order on notice.