DORIS S. GASKELL, Plaintiff, *v.* EDWARD P. GASKELL, Defendant.

Supreme Court, Special Term, New York County, June 25, 1947.

*Bernard H. Sandler* for plaintiff.

*George J. Vogel* for defendant.

*David Dawson* for United States Lines Company.

*Israel W. Tannenbaum* for receiver.

HECHT, J. Plaintiff has instituted an action for a separation from her husband. Service was had by publication and mailing of the summons to defendant's residence in Paris, France. The parties were married in France on September 17, 1935, where the defendant was manager for the United States Lines. Because of the war he came to this country and became the Regional Director for France of the United States War Shipping Administration. He and his wife resided in this city. When the war was over he returned to France in his former position with the United States Lines. Plaintiff's action is predicated on abandonment and cruel and inhuman treatment. Service of the summons and complaint by publication was allowed by order of this court dated December 26, 1946, and defendant has appeared generally to defend. On December 10, 1946, the defendant instituted suit for divorce in Paris by publication, notice of which was served on plaintiff here, but she has not appeared in that action. Plaintiff seeks an order restraining the defendant from proceeding with his action in France.

In *Goldstein* v. *Goldstein* (283 N. Y. 146) the court held that a wife could not restrain her husband from prosecuting an action against her for divorce in Florida. Citing *Haddock* v. *Haddock* (201 U. S. 562) the court stated that Florida was not the matrimonial domicile of the parties and was wholly without jurisdiction to render a valid divorce against the plaintiff. Mere annoyance because of such invalid divorce and the situations that might flow therefrom were not sufficient to warrant the interposition of the equity powers of the court.

Subsequently, the Supreme Court decided *Williams* v. *North Carolina* (317 U. S. 287), which expressly overruled *Haddock* v. *Haddock*. A new concept was adopted insofar as the extraterritorial effect of a judgment of divorce of a sister State was concerned under the full faith and credit clause. Because of these changes it was recently held that the decision in *Goldstein* v. *Goldstein* (*supra*) was no longer controlling and the right to an injunction was upheld by the Appellate Division in this Department (*Pereira* v. *Pereira*, 272 App. Div. 281).

In the instant case we are not dealing with the effect of the full faith and credit clause of the Constitution on divorce proceedings in a sister State; we are concerned solely with a question of comity. In this regard the public policy of the State may be enforced untrammeled by any constitutional considerations. We will not recognize foreign decrees of divorce obtained on grounds insufficient for that purpose in this State (*Hubbard* v. *Hubbard*, 228 N. Y. 81). The reasons given by the court in the *Pereira* case (*supra*) for disregarding the *Goldstein* case (*supra*) are inapplicable to the present controversy. The holding in the latter case is controlling and the motion is denied.