Benjamin Brenner, J.
The plaintiff husband moves for a preliminary injunction to restrain the defendant wife from further prosecuting her action for divorce in Mexico.
*792 The plaintiff alleges that the parties hereto were married in this State, have at all times resided and still are residents of this State. These allegations are not denied by the wife. Since neither of the parties reside in Mexico, it follows that a decree there would be beyond the concept of comity and not recognized in this State for it would be “ a clear legal nullity * * * and of no more validity than a so-called mail-order divorce * * * from which * * # 1 no rights of any kind may spring’ ” (Rosenbaum v. Rosenbaum, 309 N. Y. 371, 376).
It is quite true that the plaintiff may .become harassed and his marital status and property rights subject to possible challenge in the future if, in denying injunctive relief, his spouse is left free to procure the decree and assert contrary rights elsewhere. But such considerations, while persuasive and possibly valid, are not sufficient to warrant the interposition of the equity powers of our court, according to the settled law in this State (Goldstein v. Goldstein, 283 N. Y. 146).
Settle order on notice.