Vincent A. Lupiano, J.
This is a motion for an order enjoining defendant from continuing an action for divorce in Mexico, instituted by him, or from remarrying if he obtains the divorce. The action herein is for separation.
*537 Plaintiff urges that, unless the relief sought is granted, she will he genuinely prejudiced in the maintenance of her objective rights.
Originally, in his answer, defendant interposed a counterclaim for divorce. Plaintiff, thereafter, was granted leave to serve an amended complaint, which was served on January 4, 1962. No answer thereto has been served because there is pending a motion to dismiss the complaint, and to strike .certain matter therefrom. On the argument of this motion, defendant’s counsel stated that the defendant would probably assert the ground for adultery as an affirmative defense, rather than as a counterclaim.
Assuming, nevertheless, that defendant would similarly interpose a counterclaim for divorce in his subsequent answer, the argument advanced by plaintiff, as found in Immerman v. Immerman (134 N. Y. S. 2d 296) and O’Connor v. O’Connor (137 N. Y. S. 2d 212), cannot appropriately be applied to our circumstances. In those cases the spouse, who was sought to be enjoined from instituting a matrimonial action elsewhere, was enjoined from so doing. As was stated in Immerman (p. 298), “It is axiomatic that when a cause is once in a court which has jurisdiction of the subject matter and the parties, that court will retain jurisdiction to the exclusion of other courts. A party may not at will impose on Ms adversary the hardship of contesting the same issue in tioo jurisdictions.” (Emphasis supplied.) In both cases cited, the parties sought to be enjoined had either counterclaimed, as defendant, in the New York action, or had initiated an action in New York, as plaintiff but they sought to institute similar actions elsewhere, in sister States. Obviously, there was great necessity and legal need for contesting the jurisdiction and the issues raised in the other actions, and the need for injunctive relief was real, since the ensuing decree could be entitled to full faith and credit (see Arpels v. Arpels, 8 N Y 2d 339). Not so here. For it is beyond dispute that any decree resulting from the action in Mexico would be an obvious legal nullity. Therein is the salient distinction between the cited cases and the instant controversy.
Moreover, plaintiff’s rights will be adequately protected against any puerile assault toy a Mexican divorce decree for there are pending in this court an action by plaintiff to have this court declare such party to be the lawful wife of the defendant ; and the instant action wherein plaintiff seeks a separation. Her success in either action would be determinative and indicative to all that there is a valid, existing marriage between the parties (Presbrey v. Presbrey, 6 A D 2d 477, affd. 8 N Y 2d 797; Fischer v. Fischer, 254 N. Y. 463) and the Mexican decree, *538 sought to he avoided, would always be considered an absurd creation.
In sum: New York is the marital domicile of the parties. Since neither of the parties reside in Mexico, a decree of divorce, if granted therein, would be beyond the concept of comity and not recognized in this State, for it would be a clear legal nullity (Rosenblum v. Rosenblum, 309 N. Y. 371). Moreover, the drastic remedy of injunction does not lie to restrain the prosecution of an invalid divorce action in a foreign country (Arpels v. Arpels, supra).
And while it is true that plaintiff might be annoyed by a judgment of divorce granted to defendant in Mexico and on the strength of that, remarry, and thus bring it about that another woman would bear the name to which she herself is entitled, such “ considerations are not sufficient to warrant the interposition of the equity powers of our court ” (Goldsteins. Goldstein, 283 N. Y. 146, 148; see, also, Baumann v. Baumann, 250 N. Y. 382, 386-387). Accordingly, for the above reasons, the motion is denied.