Louis B. Heller, J.
In this separation action, plaintiff wife seeks to enjoin defendant husband from continued prosecution of an action for divorce in ¡California.
The parties were married in New York in 1966, residing in - Buffalo for the next four years when defendant entered the military service as a doctor, assigned to Bangkok, Thailand. The parties resided there, the plaintiff returning to New York with their child on several occasions and remaining here for health and other reasons. The parties separated in 1973, plaintiff continuing her domicile in this State and the defendant establishing one in California.
On November 10, 1973, plaintiff started this action for separation :by personal service of the summons on defendant in New York; and on December 6, 1973 one N. 'Mitchell Feinstein, a California attorney, filed an informal notice of appearance on defendant’s behalf. Thereafter .sometime in December, 1973, defendant started an -action for divorce in California, effecting service of process on defendant in New York by registered mail.
The issue is whether defendant husband, domiciled in California, -may be enjoined in this action for separation, from continued prosecution -of a divorce action in that State, instituted by him (while this action was pending.
A preliminary injunction may be granted in an action where defendant is doing an act in violation of plaintiff’s rights respecting the subject of an action, tending to render the judgment ineffectual (-CPLB, .6301, 6312).
We have only plaintiff’s and her attorney’s affidavits (and exhibits) in support of this motion -on which to decide this matter, no complaint having yet been served, nor any -affidavits submitted in opposition to this motion.
In Goldstein v. Goldstein (283 N. Y. 146) a wife was denied relief to enjoin prosecution of a divorce action by her husband in Florida. Finding that the Florida court was “ wholly, with *355 out jurisdiction to render a valid divorce,” the court nevertheless denied relief reasoning that “ The plaintiff has nothing to fear from the action which her husband has sought to bring against her in Florida for on her statement a judgment entered therein would be a nullity ” (p. 148). In this case, too, plaintiff urges that any divorce defendant might obtain in California would be invalid because of lack of jurisdiction.
However, Goldstein (supra) must now be viewed through the screen of Williams v. North Carolina (317 U. S. 287) requiring that a divorce decree valid under the laws of one .State be granted full faith and credit by a sister State and that the finding of domicile by a .foreign .State is entitled to prima facie weight in a sister State (Arpels v. Arpels, 8 N Y 2d 339, 343). In Garvin v. Garvin (302 N. Y. 96, 101) the court did view the problem posed by Goldstein (supra) through the Williams screen, concluding that a wife could enjoin her husband’s pursuit of a divorce in the courts of the Virgin Islands despite her claim that “ her husband’s stay in the Islands is temporary only, for divorce purposes, and that any alleged residence there is a sham ”. It applied the Williams rule of “ full faith and credit ’ ’ to the courts of the Virgin Islands, an insular possession, to the same degree as to the courts of a sister State. It did so expressly recognizing that under the “ full faith and credit ’ ’ and ‘1 prima facie weight ’ ’ holdings of Williams v. North Carolina, the wife would be compelled to bring a new suit to set aside the decree (if the husband were allowed to prosecute the foreign suit to judgment) to save her rights as wife, in which case she must bear the heavy burden of striking down the .prima facie effect of the foreign court’s finding of residence (Garvin v. Garvin, supra, p. 102).
What impels the court’s intervention in this case is the compulsive effect of the California decree resulting from the full faith and credit clause under the rule of Williams. The test to be applied whether New York courts will enjoin prosecution of foreign divorce decrees resulting in a void decree is whether it is entitled to full faith and credit in this State (Arpels v. Arpels, supra). ¡Since the decree which defendant seeks in California (provided procedural requirements of due process are met [Williams, supra, p. 303]) is entitled to a presumption of validity under the full faith and credit doctrine, it follows that he should be enjoined (Rosenbaum v. Rosenbaum, 309 N. Y. 371, 375).
Plaintiff is granted a preliminary injunction enjoining defendant from continued prosecution of his action for divorce *356 in California conditioned on placing this action on the calendar for trial at the first available term after joinder of issues, or after defendant is in default, whichever may first occur; otherwise denied.
Plaintiff may serve a certified copy of the order to be entered hereon by special delivery, registered mail, return receipt requested on defendant at his last known address, 550 S. Barrington, Los Angeles, California, and on his attorney, N. Mitchell Feinstein, 16633 Ventura Boulevard, Encino, California.
'Settle order on notice to defendant and his attorney by service of a copy of the proposed order to be entered hereon by special delivery, registered mail, return receipt requested, to them at their above addresses.