HANNAH FREUNDLICH, Plaintiff *v.* RALPH A. FREUNDLICH, Defendant.

Supreme Court, Special Term, New York County, March 9, 1944.

*Leon Himmelfarbe* for plaintiff.

*Emerson L. Simon* for defendant.

McGEEHAN, J. This application presents a problem that has caused considerable legal discussion since the rendition by the United States Supreme Court of its opinion in *Williams* v. *North Carolina* (317 U. S. 287). It appears that in the litigation pending before this court the plaintiff is applying for a temporary injunction to restrain the defendant, her husband, and his attorneys *et al.,* from instituting any action for divorce in the State of Florida or in any foreign State against her. The complaint alleges the marriage of the parties in New York State, their residence in New York State, the issue of the marriage, and the abandonment and desertion of the plaintiff by the defendant, but there is no allegation of failure to provide for the plaintiff and no allegation of abandonment with-

out intent to return on his part. There are allegations of a separation agreement, but the complaint fails to allege a cause of action predicated upon such alleged separation agreement or violation thereof. (See *DeRaay* v. *DeRaay*, 280 N. Y. 822.) The complaint alleges that the plaintiff has been advised and verily believes that the defendant proposes in the near future to institute an action for absolute divorce against the plaintiff in the State of Florida, that in pursuance thereof he has purchased an expensive residence in Florida, and that the defendant intends contracting another marriage after obtaining the Florida divorce. The plaintiff accordingly prays for a judgment permanently enjoining the defendant and other persons acting in his behalf from prosecuting, going forward, seeking to serve by publication, or otherwise taking or procuring or causing to be taken any action for divorce, any judgment decree or relief for divorce, by default or in any other manner, or filing any action for divorce against the plaintiff in the State of Florida or any foreign jurisdiction and the plaintiff also prays for a temporary injunction *pendente lite.*

The court has enunciated the sociological aspects of the situation in passing upon an application in the case of *Selkowitz* v. *Selkowitz* (179 Misc. 608), wherein this court observed that " It appears unduly harsh on any wife if, after being married in the State of New York and residing with her husband in the State of New York and bearing him a family in the State of New York, she suddenly finds herself no longer a wife because her husband has seen fit to leave the State of New York and to establish his domicile in some other jurisdiction for the purpose of obtaining a divorce in that other jurisdiction where divorces can be obtained upon grounds such as cruelty or incompatibility, or some other ground not recognized as a basis for a divorce in New York State; and after obtaining such a divorce he can return to New York and be entirely free of his marital obligations to his wife, although she has always remained in the State of New York." However sociologically deplorable this result might be, the fact remains that legalists maintain with ample authority that no person can be enjoined from changing his domicile from one State to another and from applying for legal redress to the courts of his new domicile.

Therefore, this application, being predicated ostensibly upon the nature of the action alleged in the complaint, is technically defective. However, a complaint setting forth the marital status and demanding judgment for separation or some other

relief, possibly within the ruling of *DeRaay* **v.** *DeRaay* (*supra*), may warrant equitable relief if it is established, under subdivision 1 of section 878 of the Civil Practice Act, that the essential marital status alleged in the amended complaint is in imminent danger of being affected by virtue of the defendant's acts and that his conduct would affect the plaintiff's rights respecting the subject of the action to an extent that would render the judgment sought in New York State ineffectual. Under such circumstances equity could grant relief specifically provided for by law and would not be summarily and primarily enjoining a person from changing his domicile.

The motion for a temporary injunction is accordingly denied, without prejudice.