UNITED STATES OF AMERICA, Plaintiff, *v.* JENNIE SUMNER, Defendant, Impleaded.

Supreme Court, Steuben County, September 17, 1926.

Contempt — criminal contempt — defendant is guilty of violating order prohibiting her from trafficking illegally in intoxicating liquors — neither injunction order nor order affirming same was served personally on defendant — notice to defendant's attorneys was equivalent to notice to defendant — defendant had knowledge of order and its affirmance and is guilty of contempt in violating its terms.

This is a proceeding to punish the defendant for contempt arising out of a violation by her of an injunction order restraining her from trafficking illegally in intoxicating liquors. Neither the order making the injunction permanent nor the order of affirmance was served upon the defendant personally, but she is chargeable with knowledge of their issuance, since it appears that her attorneys were served with copies of the orders and with notice of entry, and since it further appears that as a matter of fact she had actual knowledge of the issuance of the injunction.

Accordingly, since it appears that she has violated the terms of the injunction, she is adjudged guilty of contempt, notwithstanding there was no personal service of the injunction order upon her.

PROCEEDING to adjudge defendant in contempt for violation of injunction order.

*Guy W. Cheney*, District Attorney, for the plaintiff.

*Rogers & McManus*, for the defendant.

THOMPSON, J. In opposition to plaintiff's application to punish her for contempt, defendant asserts that the restraining order of the court, which she is charged with having violated, was not served upon her. The proceeding in which the order was made was commenced by the personal service on defendant of a summons and complaint, and a certified copy of a temporary restraining order, together with an order to show cause why the restraining order should not be made permanent, in pursuance of the National Prohibition Act, section 22. (41 U. S. Stat. at Large, 314.)

On the return of the order to show cause, the injunction was

made permanent, and this order was thereafter affirmed on appeal. Neither the order making the injunction permanent, nor the order of affirmance was served upon the defendant personally, but copies of each of them, with notice of entry, were duly served upon her attorneys long before the times upon which it is here alleged that she violated the injunction. From the facts appearing on this application, it is clear that the injunction has been violated by the defendant. It is also clear that the defendant had knowledge of the injunction and information of its contents sufficient to impose upon her the duty of obeying it.

In a proceeding to adjudge a party in contempt for the violation of an injunction order, it is not necessary to establish that a certified copy of the order was personally served upon said person. (*People ex rel. Stearns* v. *Marr*, 181 N. Y. 463.)

The authorities are numerous and decisive to the effect that knowledge of the injunction and information of its contents is sufficient. In the case at bar the temporary restraining order (a certified copy of which was served upon the defendant) in clear and implicit terms required defendant to refrain from trafficking in intoxicating liquors in violation of the Volstead Act until the further order of the court. Attorneys employed by her appeared upon the return of the order to show cause, and resisted the continuance of the restraining order, and although the order making the injunction permanent was not served upon defendant personally, a copy of it with notice of entry was served upon her attorneys in the case, who, at once, with full authority, and in the due course of their employment, took an appeal to the Appellate Division; and, the Appellate Division affirming (216 App. Div. 782), a copy of the order of affirmance, with notice of entry, was duly served upon the said attorneys immediately thereafter. As has been said, this order was not served upon the defendant personally, but it is too obvious for discussion that her attorneys informed her of the result of all the steps in this litigation, including the decision of the trial court continuing the injunction and the action of the Appellate Division in affirming such decision. In all events she is charged with such knowledge, and under the well-established general rule that notice or knowledge of an agent while the agency exists and while he is acting within the scope of his authority, is imputed to the principal, it must be held here that she had full knowledge of each order in this case and its contents.

" Notice to the attorney is notice to his client, at least, where the attorney receives such notice in the course of the transaction in which he is acting for his client." (2 R. C. L. 962; *Vogemann* v. *American Dock & Trust Co.*, 131 App. Div. 216, 220.)

In such case it is the duty of an attorney at law to communicate to his client whatever information he acquires in relation to the subject-matter involved in the transaction; and he will be conclusively presumed to have performed this duty, and notice to him is, therefore, conclusive notice to his client or principal.

" It is the general rule that notice to an attorney is notice to the client employing him, and that knowledge of an attorney is knowledge of his client." (6 C. J. 638; *McCutcheon* v. *Dittman*, 164 N. Y. 355.)

Defendant had actual notice and knowledge of this injunction from its inception; and before violating it, it was her duty to inform herself whether or not it was still in force. (*Daly* v. *Amberg*, 126 N. Y. 490.) In the circumstances it is clear that she knew at the time she committed the acts enjoined by the order that it was still a valid and existing order of the court. It follows that her conduct in disobeying its commands was deliberate and willful and that she should be punished by paying a fine of $250.

Let a final order with proper recitals be submitted. So ordered.