Helen Bush Ridder, Plaintiff, v. Bernard H. Ridder, Defendant.

Supreme Court, New York County, September 18, 1940.

*Gustave Simons*, for the plaintiff.

*Uniacke & Kelley* [*Davis M. Zimmerman* of counsel], for the defendant.

Walter, J.   This motion to adjudge defendant in contempt for his failure to comply with an order directing the payment of temporary alimony and a counsel fee is resisted upon the sole ground that

the order directing payment and the order to show cause why the adjudication of contempt should not be made were not served upon the defendant personally within the State of New York.

The defendant was personally served with the summons and complaint in New York, or, what is equivalent thereto, made a general appearance in the action by attorneys, participated in the reference upon the question of the amount of alimony and counsel fees, and then testified that he resides in New York, and he is defending the action upon its merits. His attorneys were served with the order fixing the amount and directing the payment of alimony and counsel fees and with the order to show cause why he should not be adjudged in contempt, and certified copies of both orders were served upon the defendant personally in the State of Minnesota to which it appears that he has gone since the action was commenced, but without apparently giving up his residence in New York. The complaint demands judgment for a separation and also for temporary and permanent alimony and counsel fees.

Under these circumstances the undoubted and well-settled principles that the jurisdiction of New York courts does not extend beyond the territorial limits of the State and that jurisdiction *in personam* cannot be acquired by service of process beyond such limits constitute no reason why the motion should not be granted. Jurisdiction over the person of defendant was acquired when he was served with the summons in this State, or voluntarily appeared in the action, and that jurisdiction extends to every matter embraced within and properly incidental to the cause of action asserted in the complaint and is not defeated by the defendant's subsequent removal from the State, whether that removal be temporary or permanent.

The applicable principle is aptly stated in *Michigan Trust Co. v. Ferry* (228 U. S. 346) as follows (pp. 353, 355, 356):

" Ordinarily jurisdiction over a person is based on the power of the sovereign asserting it to seize that person and imprison him to await the sovereign's pleasure. But when that power exists and is asserted by service at the beginning of a cause, or if the party submits to the jurisdiction in whatever form may be required, we dispense with the necessity of maintaining the physical power and attribute the same force to the judgment or decree whether the party remain within the jurisdiction or not. This is one of the decencies of civilization that no one would dispute. It applies to Article IV, § 1, of the Constitution, so that if a judicial proceeding is begun with jurisdiction over the person of the party concerned it is within the power of a State to bind him by every subsequent order in the cause. * * *

" It follows from what we have said that a petition to the Probate Court that the defendant be ordered to account covered all his receipts as executor and that notice of the petition was notice that the accounting would have that scope. The decree upon the account was made with full jurisdiction and apart from the insanity of the accountant could be sued upon, *Storer* v. *Storer,* 6 Massachusetts, 390; *Cobb* v. *Kempton,* 154 Massachusetts, 266, 269, and was entitled to full faith and credit elsewhere. *Fitzsimmons* v. *Johnson,* 90 Tennessee, 414, 428, 429, 433. It is true that it could not be enforced in Michigan while the defendant remained out of the State. But while the want of power to enforce a judgment or decree, may afford a reason against entertaining jurisdiction, *Giles* v. *Harris,* 189 U. S. 475, 488, it has nothing to do with the validity of a decree when made. A decree in equity against a defendant who had left the State after service upon him and had taken all his property with him would be entitled to full faith and credit where he was found."

Similarly, in *Leman* v. *Krentler-Arnold Co.* (284 U. S. 448) it was said (p. 454): " As the proceeding for civil contempt for violation of the injunction should be treated as a part of the main cause, it follows that service of process for the purpose of bringing the respondent within the jurisdiction of the District Court of Massachusetts was not necessary. The respondent was already subject to the jurisdiction of the court for the purposes of all proceedings that were part of the equity suit and could not escape it, so as successfully to defy the injunction, by absenting itself from the district."

In *Brinkley* v. *Brinkley* (47 N. Y. 40) the defendant in an action for limited divorce left the State after the action was commenced and the order for the payment of alimony was served upon him in Tennessee, and yet the Court of Appeals said (p. 48): " We have no doubt but that the Special Term had the general power to adjudge the defendant in contempt and to punish him therefor. It had jurisdiction of his person by the personal service upon him of the summons. The allegations of the complaint show a situation of the parties and an alleged cause of action which gave it jurisdiction of the subject-matter."

The order here violated was duly litigated after jurisdiction over defendant's person was obtained and after an opportunity to be heard and a hearing; it is responsive to issues presented by the pleadings (not a new or independent or collateral matter, as in *New York Life Ins. Co.* v. *Dunlevy,* 241 U. S. 518, 522, or *Matter of Indiana Transportation Co.,* 244 id. 456, 458); and the contempt consists of a disobedience which hinders a party in pursuing a

civil remedy, and service upon the defendant's attorneys and upon defendant without the State thus is sufficient. (*Billingsley* v. *Better Business Bureau of New York City, Inc.*, 232 App. Div. 227; *People ex rel. Bellanca* v. *Moran*, 235 id. 317, 319; *Pitt* v. *Davison*, 37 N. Y. 235; *Grant* v. *Greene*, 121 App. Div. 756; *Rosenthal* v. *Rosenthal*, 201 id. 27; Civ. Prac. Act, § 1172, last sentence.)

Despite the undoubted jurisdiction thus to grant the motion, courts ordinarily do not exercise jurisdiction where to do so would be futile because of inability to enforce their decree (*Wulff* v. *Wulff*, 151 App. Div. 22; *Pelz* v. *Pelz*, 182 id. 923), and if it appeared that defendant had left the State under circumstances making it unlikely that he ever would return that ordinarily would be a good ground for denying the motion in the exercise of discretion. As it appears, however, that defendant has business interests in New York, which make his return here probable and that he is defending this action and may be present at the trial, this is not a case in which possible futility should cause the court to withhold its order.

The motion is accordingly granted. Settle order.