EMILE P. GRENIER, Plaintiff, *v.* KATHERINE J. GRENIER, Defendant.*

Supreme Court, Erie County, December 5, 1940.

*Jerome Cantor*, for the plaintiff.

*Edward E. Franchot*, for the defendant.

MALONEY, J.  The plaintiff moves to modify the judgment herein in so far as it provides that the defendant have the care, custody and control of the infant daughter of the parties, viz., Sally Ann, born April 18, 1934, by striking therefrom such provision and substituting therefor a decree of this court awarding the custody of the infant to plaintiff.

Defendant's counsel appearing specially questions the jurisdiction of the court to grant the relief demanded.  The plaintiff was heretofore granted a decree of separation from the defendant after a trial had before an official referee.  It appears that the summons and complaint were served personally upon the defendant.  Defendant answered denying the allegations in the complaint except the allegations therein as to the residence of the parties and the birth of the daughter aforesaid.  In addition, the defendant in her answer counterclaimed for a separation against plaintiff, her husband.

The parties each demanded the custody of the daughter.  The trial court awarded the custody of the infant to the defendant. Such custody in the mother was limited by the award made by the

official referee to the plaintiff of the right to custody and personal visits at her home over a substantial period of each year.

The plaintiff was directed to pay toward the daughter's maintenance the sum of three dollars per week. Apparently the provisions of the judgment were complied with by the parties for a period of months. The defendant was employed by the county of Erie, which position she resigned and moved with her daughter to Washington, D. C., where she now claims permanent residence. She claims to be employed by her father and to reside with her parents, who are residents of the city aforesaid. Plaintiff applied for and procured from the court an order to show cause addressed to the defendant and her daughter directing them to appear on the return date thereof and to show cause why his motion should not be granted. The order directed that the defendant be personally served with a copy thereof in the city of Washington, D. C. Said order was complied with.

Defendant and her daughter did not appear on the return day thereof in person or by counsel, except that counsel appeared specially to contest the jurisdiction of the court to grant such order and claimed that the court had no jurisdiction of the parties.

It is to be noted that the sole question before this court is one of jurisdiction. The well-settled rule of the courts of this State is that the jurisdiction of the court does not extend beyond the territorial limits of the State and that jurisdiction *in personam* cannot be acquired by service of process beyond such limits.

The court has no inherent jurisdiction of the defendant and her daughter in the instant motion to amend the final judgment herein, the order having been served without the State. However, in this State, the Legislature enacted section 1170 of the Civil Practice Act, authorizing this court to grant an order to show cause why a final judgment in a matrimonial action should not be amended if, as and when either of the parties thereto presented a petition for such relief. The court may further order the manner and method of service to be made on the person or persons to whom the order is directed. The court obtains jurisdiction of the party or parties upon the completion of service on the parties made in the manner and method directed to be made by the order of the court whether or not such service is made outside the State or whether or not the party or parties so served fail to appear personally or by attorney on the return date thereof.

Despite the undoubted jurisdiction of this court to grant the motion, courts do not ordinarily exercise jurisdiction where to do so would be futile. (See opinion of Mr. Justice WALTER in *Ridder* v. *Ridder*, 175 Misc. 84, 87, and cases therein cited, wherein the juris-

diction of the court was upheld in an order to show cause to punish a defendant for contempt of court for his failure to obey the order of the court directing the payments of alimony to his wife.) The order granted in accordance with the provisions of section 1170 of the Civil Practice Act was served pursuant to its terms on the defendant without the State and the defendant failed to appear on the return date thereof. The court finds that the defendant having been served with a summons in the matrimonial action and having appeared and contested the same, subjected herself to the jurisdiction of this court and that she could not later deprive this court of its jurisdiction to amend the final judgment in said action by her removal from the State.

The power to grant to plaintiff the order herein having been established to the satisfaction of the court, the question of determining whether the said order should be granted now rests in the sound discretion of this court, which question will be decided when, as and if the questions other than jurisdictional questions are before the court.

Let order enter accordingly, without costs. Counsel will agree on a day whereon the motion may be heard.