MARY J. PALMER, Plaintiff, *v.* RAY E. PALMER, Defendant

Supreme Court, Special Term, Broome County, March 13, 1945.

*Harry S. Travis* for defendant.

*Charles J. Bellew* for plaintiff.

DEYO, J. This action is for a separation and was commenced on or about June 7, 1944, by personal service of a summons upon the defendant within the State of New York, at a time when both parties were residents of this State. Thereafter, the defendant appeared in the action and subsequently served an answer setting up certain denials and defenses. On July 1, 1944, the defendant left the State of New York, and thereafter, on July 13, 1944, as he claims, became a resident in the State

of Nevada, where he has since been domiciled. On August 26, 1944, he commenced an action in the State of Nevada for a divorce, and secured service upon the plaintiff by publication and by personal service within the State of New York. Thereafter the plaintiff moved in the separation action for an injunction under subdivision 1 of section 878 of the Civil Practice Act restraining the defendant from prosecuting the Nevada action. The injunction was granted. (*Palmer* v. *Palmer,* 50 N. Y. S. 2d 329, affd. 268 App. Div. 1010.) Certified copies of the injunction were served upon the defendant's attorneys in the separation action within the State of New York and upon the defendant personally, his Nevada attorneys and the Nevada court without the State. In total disregard of this injunction the defendant continued his Nevada action to a successful conclusion and obtained a decree of divorce against this plaintiff on September 29, 1944. The defendant now asks leave of this court to serve a supplemental answer, pursuant to section 245 of the Civil Practice Act, wherein he proposes to set up the Nevada divorce as a separate defense to the action for separation.

This is clearly a case where the facts warrant a supplemental answer if the court is required to recognize the prima facie validity of the Nevada decree which, in turn, depends upon whether or not the defendant was bound by the injunction order served upon him, his various attorneys and the court, in the manner heretofore described.

I feel very definitely that the court is not so bound. In the first place, the defendant herein was a resident of this State when the action was commenced. He was personally served with the summons within its borders and entered a general appearance and filed an answer. By so doing he submitted himself to the jurisdiction of the court and thereby bound his person to all subsequent orders and proceedings therein. (*James & Co.* v. *Second Russian Insurance Co.,* 208 App. Div. 141, 143; *Michigan Trust Co.* v. *Ferry,* 228 U. S. 346, 353.) As was said in *Ridder* v. *Ridder* (175 Misc. 84, 85): " Jurisdiction over the person of defendant was acquired when he was served with the summons in this State, or voluntarily appeared in the action, and that jurisdiction extends to every matter embraced within and properly incidental to the cause of action asserted in the complaint and is not defeated by the defendant's subsequent removal from the State, whether that removal be temporary or permanent." The *Ridder* case (*supra*) concerned an order

directing payment of temporary alimony and a subsequent order to show cause for contempt, both of which were served on the defendant's attorney within the State and on the defendant personally outside the State. The court held the service was sufficient and granted the order. (To the same effect see *Karpf* v. *Karpf*, 260 App. Div. 701.)

In the instant case the Appellate Division has specifically found that the New York court had jurisdiction of the defendant personally as well as of the marital status of the parties, and hence, under the authority of the cases above cited, such jurisdiction extends to the granting of the injunction, and service thereof upon the defendant's attorneys in this action within the State, and upon the defendant without the State was sufficient.

I am not unmindful of the fact that the language which the court employed in *McDonald* v. *McDonald* (182 Misc. 1006) indicates a contrary result. That decision, however, denied the authority of the court to even grant the injunction, which is not the rule, at least in this department. (*Palmer* v. *Palmer*, 50 N. Y. S. 2d 329, *supra*.)

There is a second ground upon which the injunction may be sustained despite the fact that personal service thereof within the State has not been had. The defendant herein admittedly had actual notice of the injunction order. " To render a person amenable to an injunction it is neither necessary that he should have been a party to the suit in which the injunction was issued, nor to have been actually served with a copy of it, so long as he appears to have had actual notice." (*In Re Lennon*, 166 U. S. 548, 554; *Borden's Farm Pro. Co., Inc.*, v. *Sterbinsky*, 117 Misc. 585.)

In *United States of America* v. *Sumner* (127 Misc. 907), the defendant was personally served with the summons and complaint and a certified copy of a temporary restraining order, together with an order to show cause why the restraining order should not be made permanent. The defendant appeared on the return date and resisted continuance of the injunction which was made permanent, and on appeal affirmed. In proceedings to punish the defendant for contempt arising out of a violation of the order, it appeared that the defendant was never personally served with the order making the injunction permanent or with the order of the affirmance, although they were served upon her attorneys. She was adjudged guilty of contempt, the court saying at page 908: " The authorities are numerous and decisive to the effect that knowledge of the injunction and information

of its contents is sufficient.'' It has even been held that a person not a party to the original proceeding to secure an injunction, and not served with the order could, nevertheless, be punished for a criminal contempt for willfully and with full knowledge thereof disobeying its provisions. (*People ex rel. Stearns* v. *Marr,* 181 N. Y. 463.)

The defendant lays great stress on the case of *May* v. *May* (233 App. Div. 519). In this case the defendant had left New York *prior* to the institution of the separation action which, in fact, was based on such leaving. A summons and complaint was served outside the State, and there was no general appearance and hence no jurisdiction in personam was acquired. The motion for the injunction was denied, the court stating at page 521: '' While it is true, of course, that the court has power to enjoin one served within the State from prosecuting an action in another jurisdiction * * * and that such relief, if granted here, would be in furtherance of the court's power to adjudicate in respect to the *res,* it would be a mere futile gesture *under the circumstances here presented.* There could be no contempt predicated upon the service of such an order without the jurisdiction.'' (Italics supplied.) The difference between this case and the one at bar lies in the fact that there was no general appearance, and hence, no jurisdiction in personam. However, the case does recognize the propriety of such relief under such circumstances as are presented in the case at hand.

Granted, that under the trend of present day decisions in matrimonial actions, full faith and credit must be given to the judgments and decrees of sister States, it does not necessarily follow that in our anxiety to conform our own standards and policies to those of foreign tribunals, we are required to ignore the willful and flagrant contempt which this defendant has consistently demonstrated toward our own courts and their pronouncements. Our courts had the authority to enjoin the defendant's attempt to sever his matrimonial ties elsewhere. That has been decided. To permit this defendant, who, with full knowledge, did exactly what had been forbidden, to now have the benefit of the fruits of that act and to assert the judgment thus secured as a defense to the action previously brought in the courts of this State, would place a premium on lawlessness and condone contemptuous conduct. This court declines to be a party to any such program.

Motion for leave to serve a supplemental answer is denied, with $10 costs to the plaintiff.