In the Matter of WILLIAM J. NUNAN, Petitioner, against ALGER B. CHAPMAN et al., Constituting the State Tax Commission, Respondents. (Proceeding No. 1.)

In the Matter of BART J. O'ROURKE, Petitioner, against ALGER B. CHAPMAN et al., Constituting the State Tax Commission, Respondents. (Proceeding No. 2.)

Supreme Court, Special Term, Albany County, April 14, 1948.

*Ferris and Adams* for petitioners.

*Nathaniel L. Goldstein, Attorney-General* (*John C. Crary, Jr.*, of counsel), for respondents.

BOOKSTEIN, J.  Each of the above-named petitioners instituted a proceeding, under article 78 of the Civil Practice Act, to review the determination of the State Tax Commission respecting the assessments against each of the petitioners, of unincorporated business taxes for the years 1935, 1936 and 1937. In both cases, the respondents have objected in point of law to the petitions and applications for review on the ground that the proceedings have not been instituted within the time limited by sections 375 and 386-j of the Tax Law therefor and seek, on that ground, orders dismissing the petitions.

It is conceded that the proceedings have been instituted within the four months' period specified in section 1286 of the Civil Practice Act.  However, under sections 375 and 386-j of the Tax Law, proceedings such as these must be instituted within ninety days after the mailing of notice of the determination of the Tax Commission.  In each of the cases, the notice of the determination was mailed on November 10, 1947, and the proceedings were not instituted until February 28, 1948, so that more than ninety days had elapsed between the time of the mailing of the notice and the institution of these proceedings. Accordingly, the proceedings would seem to be barred.

However, the petitioners assert that the ninety-day period has never commenced to run because the notices of the determinations were mailed to the attorneys for the petitioners rather than to the petitioners themselves.  Section 375 of the Tax Law does not state to whom the notice of the determination should be sent. Where taxpayers have been represented before the Tax Commission upon hearings held at the request of the taxpayers, as was done in these cases, mailing of the notice of the determination to the attorneys who appeared for the taxpayers in the proceedings is a compliance with the statute and such mailing starts the running of the period, within which, under section 375 of the Tax Law, a certiorari proceeding must be instituted.  (See *United States of America* v. *Sumner*, 127 Misc. 907.)

Accordingly, the objections in point of law in both proceedings are sustained and each proceeding is dismissed, with costs.

Submit orders.