ANNE G. LONG, Plaintiff, *v.* HUGH W. LONG, Defendant.

Supreme Court, Special Term, New York County, November 23, 1949.

*William J. Rapp* for plaintiff.

*Leo T. Kissam* and *Donald S. Wilson* for defendant.

WALTER, J. Plaintiff sued her husband in this court for a separation. He was served personally within the State of New York and appeared; and on June 23, 1949, there was entered a final judgment awarding plaintiff a separation and custody of the child of the parties, and directing defendant to pay her alimony of $3,397.92 per month for six months and then $22,500 per annum.

On November 3, 1949, plaintiff obtained an order directing defendant to show cause why he should not be enjoined from prosecuting an action he has brought in Nevada for a divorce from plaintiff. The order directed that it be served on defendant personally, or, if he could not be served personally, by mailing a copy to him at his office in New York and delivering a copy to the person in charge of such office, and by delivering a copy to the attorney who had appeared for him in the separation action.

No personal service was made. The other provisions of the order as to service were complied with, and upon the return day of the order said attorney appeared, specially for the sole purpose of advising the court that his authority to act for defendant had ended before the order to show cause was made and to object that the court has no jurisdiction to grant the motion.

If the motion were in truth and reality a proceeding in, or a part of, the action for separation, or so connected with that action as to be an incident of it, then the service of the summons therein would be sufficient to give jurisdiction of defendant for the purposes of this motion (*Ridder* v. *Ridder*, 175 Misc. 84, and cases there cited). But if despite the attempt to give it the appearance of a motion in the separation action, the motion is in truth and reality a new, independent and collateral matter, not incidental to the separation action, then neither the personal service of the summons in that action nor defendant's appearance therein gives jurisdiction to grant this motion, for service or appearance in a cause gives jurisdiction of the person with respect to that cause only (*New York Life Ins. Co.* v. *Dunlevy*, 241 U. S. 518; *Ex Parte Indiana Transp. Co.*, 244 U. S. 456; *Reynolds* v. *Stockton*, 140 U. S. 254; *Smith* v. *Woolfolk*, 115 U. S. 143).

Motions to punish for contempt for violating orders or judgments based upon personal service are regarded as part of or incidental to the cause in which the order or judgment was made; and hence do not require additional personal service within the court's territorial jurisdiction (*Karpf* v. *Karpf*, 260 App. Div. 701; *Ridder* v. *Ridder*, 175 Misc. 84, *supra*; *Brinkley* v. *Brinkley*, 47 N. Y. 40; *Leman* v. *Krentler-Arnold Co.*, 284 U. S. 448); and possibly a motion to modify such an order or judgment should be so regarded, although as to that I express no opinion. Here, however, the attempt is to enjoin defendant from prosecuting an action for divorce brought by him in another State after this court's judgment of separation was entered. The complaint in the separation action, of course, gave no hint of any attempt to obtain such an injunction or even of any possibility that such a divorce action might be brought; and thus I think that this motion must be regarded as entirely new, independent and collateral, and not as in any way a part of or incidental to the separation action.

The jurisdiction which was obtained over defendant in the separation action thus gives the court no jurisdiction over him for the purposes of this motion. If jurisdiction to grant the motion exist, it must be because it was obtained in some other way.

Service of the order to show cause upon the attorney who had appeared for defendant in the separation action did not give such jurisdiction because that is not an authorized way of serving process which initiates a new proceeding (Rules Civ.

Prac., rules 20, 21), and because that attorney's authority had terminated with the entry of judgment in the separation action.

Delivering and mailing the order to show cause to defendant's New York office did not give such jurisdiction, because such delivery and mailing were neither personal nor that kind of service authorized by section 229-b of the Civil Practice Act, nor the substituted service authorized by sections 230 and 231 of the Civil Practice Act, nor the service by publication authorized by section 232 of the Civil Practice Act.

In fact, upon the showing here made, no one of those methods of service could have been resorted to even if plaintiff openly and avowedly had framed a new complaint for an injunction and attempted to commence an admittedly new action therefor by serving a summons; and as there is no statute of New York under which she could effect service of the summons in an action for the relief here sought, I think it clear that she cannot overcome that difficulty by obtaining an order to show cause instead of issuing a summons.

The Federal courts sometimes have gone rather far in asserting jurisdiction to protect rights under Federal court judgments with respect to property which a Federal court has once taken into its possession (*Julian* v. *Central Trust Co.*, 193 U. S. 93; *Wabash R. R. Co.* v. *Adelbert Coll.*, 208 U. S. 38), but I think it quite impossible to treat cases of that sort as having any real bearing upon the question here presented. In the first place, those cases dealt, not with jurisdiction over the person of a defendant, but with the right of a Federal court to determine claims to property to the exclusion of a State court. In the second place, they dealt with property of which a Federal court not only had taken possession but to which it had by its judgment given affirmative rights.

Plaintiff's counsel urges that the injunction here sought is necessary to protect this court's judgment of separation and that for that reason the court has jurisdiction. The primary fallacy of that seems to me to be that even where some action is necessary to protect a judgment, or, more accurately, the rights of some one under a judgment, it still is requisite that the court have jurisdiction of the person against whom it undertakes to act. No necessity for protecting anyone's rights under a judgment can be made an excuse for taking action against a defendant over whom the court has no jurisdiction.

Another fallacy in counsel's argument, it seems to me, is that the judgment of separation does not of itself give plaintiff

any rights which issuance of the requested injunction would protect or preserve. Plaintiff's right to be supported by her husband derives from the marital relation, not from the judgment of separation. That judgment measures the dollar extent of the right but does not create or confer the right. (See *Matter of Franklin* v. *Franklin,* 176 Misc. 612, affd. 262 App. Div. 991.) If defendant obtains his Nevada divorce, it may be that plaintiff's right to collect alimony from him will end (though see *Estin* v. *Estin,* 296 N. Y. 308, and *Lynn* v. *Lynn,* 275 App. Div. 269); but if that result follow, it will follow, not because of any effect of the Nevada divorce upon the judgment of separation, but because the Nevada divorce ends the marital relation upon which plaintiff's right to alimony depends.

Plaintiff's counsel has seized upon a sentence in the opinion in *Matter of Lennon* (166 U. S. 548, 554) and endeavored to construe it as a holding that no service of process is necessary to give jurisdiction over a person if that person be shown to have actual notice of the proceeding. Of course, no such holding was made or intended. The plain meaning, if not the literal import of the words, is that one who has actual notice of an injunction issued by a court may be held in contempt for disobeying it, even though he was not a party to the suit in which the injunction was granted and was not actually served with a copy of the injunction order or decree. That is a long way from saying that a court may issue an injunction without first obtaining jurisdiction over the defendant in the suit.

Plaintiff's counsel has cited several cases in which husbands of New York residents have been enjoined from prosecuting actions for divorce in foreign jurisdictions; but none of them presented the question of jurisdiction which is here presented; and *Robinson* v. *Robinson* (254 App. Div. 696, affd. 279 N. Y. 582) seems to me a plain holding that jurisdiction here does not exist.

Because of lack of jurisdiction, therefore, this motion must be and is denied, without consideration of whether upon the merits it should be granted if there were jurisdiction.