WILLIAM J. EDELL, Appellant, *v.* SHIRLEY M. EDELL, Respondent.

Fourth Department, November 10, 1954.

*William L. Clay* for appellant.

*Burton D. Tanenbaum* for respondent.

*Per Curiam.* The plaintiff, in an action for divorce instituted in this State, has been met with a counterclaim for separation which has not yet been determined. After his motion to withdraw his action for divorce was denied by the Special Term, the plaintiff repaired to the State of Florida, where he has instituted another action for divorce. The defendant wife has countered with an application under section 878 of the Civil Practice Act for an order enjoining the plaintiff in the original action from proceeding with the proposed Florida decree. The order appealed from, granting defendant's application, in addition to the usual restraining provisions, goes further and enjoins the plaintiff " from using in the above entitled action any divorce decree granted in the State of Florida or any other State and entered during the pendency of the above entitled action."

We feel the restraining order is too broad. The Florida divorce is the only action threatened at the present, and there is nothing in the record to indicate the proposed Florida decree has been or will be the basis of a motion by the plaintiff to amend his reply to the counterclaim.

Whether plaintiff would be permitted to interpose as a defense to defendant's counterclaim for separation a Florida decree, obtained in violation of the restraining order, we do not decide. It is enough that the problem is neither before the court nor imminent. (Civ. Prac. Act, § 878.)

There is no doubt that part of the order restraining the plaintiff from taking further steps to obtain a foreign divorce is proper. (*Garvin* v. *Garvin,* 302 N. Y. 96.) Beyond that,

the injunction anticipates the future conduct of the plaintiff. Although a court does not anticipate its injunction order will be flouted, and should never suggest it, the situation may arise as that before the court in *Palmer* v. *Palmer* (184 Misc. 291). At that time the consequences of a violation of the restraining order should be determined.

The order should be modified accordingly, and, as modified, affirmed.

All concur. Present — VAUGHAN, J. P., KIMBALL, PIPER and WHEELER, JJ.

Order modified in accordance with the opinion, and, as modified, affirmed, without costs of this appeal to either party.