Harry D. Goldman, J.
Plaintiff William J. Edell commenced an action for divorce against the defendant Shirley M. Edell on September 30, 1950. Defendant entered a general denial of alleged acts of adultery and counterclaimed for a separation. On January 24, 1951, an order was made granting defendant *632 alimony and counsel fees. Thereafter plaintiff went to Florida and moved to discontinue this action. Justice Henry, by order dated August 16, 1951, denied plaintiff’s motion to discontinue. Plaintiff then instituted an action for divorce in the State of Florida. By order entered January 11, 1952, Justice O’Brien ‘ ‘ restrained plaintiff and his attorneys, during the pendency of this action, from prosecuting a divorce action in Florida or in any other State-, and from using in this action any decree granted in Florida or in any other State during the pendency of this action.”
An appeal by the plaintiff to the Appellate Division of the Supreme Court, Fourth Department, resulted in the modification of the restraining order by striking from it the provision that plaintiff was enjoined from using in this action any divorce granted in the State of Florida during the pendency of this action, and affirmance of the remainder of the order. (Edell v. Edell, 284 App. Div. 758.) The Appellate Division stated (p. 759): “ There is no doubt that part of the order restraining the plaintiff from taking further steps to obtain a foreign divorce is proper. (Garvin v. Garvin, 302 N. Y. 96.) Beyond that, the injunction anticipates the future conduct of the plaintiff. Although a court does not anticipate its injunction order will be flouted, and should never suggest it, the situation may arise as that before the court in Palmer v. Palmer (184 Misc. 291). At that time the consequences of a violation of restraining order should be determined.” The order as modified still enjoined the plaintiff from proceeding with the divorce in Florida. Thereafter plaintiff prosecuted his action to a final decree in Florida, in violation of the restraining order. Palmer v. Palmer (184 Misc. 291, 294), cited by the Appellate Division and by the attorneys in opposition to this motion, is sound precedent for denying the plaintiff’s motion to discontinue this pending action. To grant relief requested by plaintiff in this motion would be to reward him for securing the Florida divorce in violation and in contempt of an order of this court.
The granting of plaintiff’s motion would raise a serious question as to defendant’s right to continued alimony granted by an unmodified order of this court. If the plaintiff were permitted to discontinue this action by use of the Florida decree, and if the defendant were unable to sustain the burden of showing that that decree was a fraud upon the Florida Court, it would act as a bar to her claim for alimony previously granted her. Defendant’s only recourse, in such event, would be to ask for relief envisaged in section 1170-b and section 1171-b of the Civil Practice Act. This legislation, however, is not available *633 to defendant as it is not retroactive in effect and the prior Florida decree would bar her support rights. (See Methfessel v. Methfessel, 124 N. Y. S. 2d 663.)
Plaintiff urges that Estin v. Estin (296 N. Y. 308, affd. 334 U. S. 54) and Williams v. North Carolina, 325 U. S. 226) give support to his demand that the action at bar must be discontinued. In light of the history of this action the court cannot agree with this contention. Sound precedent and good conscience require the denial of plaintiff’s motion.
Submit order accordingly.