Frank A. Gtülotta, J.
This motion, brought on by order to show cause, after final judgment, seeks: (1) to punish plaintiff wife for contempt in refusing to honor defendant’s rights of visitation as decreed by this court; (2) to modify the final decree by awarding custody of the infant child to defendant; (3) to enjoin plaintiff from prosecuting an action for divorce instituted by her in the State of Nevada.
This was an action for a separation brought by the wife against her husband. He appeared in the action and after a trial of the issues the wife’s complaint was dismissed. Custody of the infant child was awarded to the mother, however, with rights of visitation to the father. Since July 26, 1958, plaintiff has made it impossible for defendant to see his child and she has now taken the infant with her to the State of Nevada where she has instituted an action for a divorce against her husband.
The order to show cause herein provided for service to be made on plaintiff by mail addressed to her in care of her attorney in Las Vegas, Nevada. On the return date, plaintiff appeared specially by a New York attorney, and questioned the jurisdiction of the court in this proceeding.
After final judgment, in matrimonial actions which are instituted by personal service, the court has continuing jurisdiction to entertain motions addressed or incidental to the final decree or the enforcement of its provisions. (Fox v. Fox, 263 N. Y. 68.) This jurisdiction continues despite the removal from the State of one of the spouses. (Grenier v. Grenier, 175 Misc. 406, affd. 261 App Div. 1043.) In such post-judgment motions only such notice as the court may direct need be given the respondent. (Karpf v. Karpf, 260 App. Div. 701; Ridder v. Ridder, 175 Misc. 84.) So much of the instant motion as seeks (1) to punish the plaintiff for contempt and (2) to award custody of the infant child to defendant, fits into this category. (Long v. Long, 196 Misc. 982; Civ. Prae. Act, § 1170-a.) The court concludes, therefore, that it has jurisdiction to determine tb.ese matters.
A different conclusion is reached, however, as to that portion of the motion which seeks to enjoin plaintiff from prosecuting the action for a divorce instituted by her in the State of Nevada. This court has no jurisdiction over the person of the plaintiff for that purpose. The application for injunctive relief .is not incidental to nor part of the original action or final decree and may not be based upon the original service of process. A plenary *635 action for that purpose is necessary. (Jaccarino v. Jaccarino, 131 N. Y. S. 2d 149; Munitz v. Munitz, 281 App. Div. 895.)
The court finds plaintiff guilty of contempt of this court in that she willfully violated and flaunted the judgment of this court in refusing to defendant the right of visitation with his child, and that such action defeated, impaired, impeded and prejudiced the rights of this defendant. For such action plaintiff is fined the sum of $250. The court also directs that the support payments provided for in the final decree be suspended from July 26, 1958, until the infant child shall be returned to this State. (Goldner v. Goldner, 309 N. Y. 675; Weiner v. Weiner, 149 N. Y. S. 2d 362.)
Defendant alleges his recent investigations reveal that since the final decree his wife has lived, at least since the latter part of 1958, with a named paramour as husband and wife, that she may be pregnant by this other man and that she may now be living with him in the State of Nevada. He states, therefore, that plaintiff is unfit to have custody of the child and requests that custody be granted to him. Since the infant child is not yet two years of age the court is loathe to disturb the custody provision at this time and denies this portion of the motion.
Submit order.