Frederick Backer, J.
The defendant husband moves, pursuant to section 1170 of the Civil Practice Act, to modify the judgment of separation of this court, entered June 15, 1959, so as to change custody of the two infant children of the parties, from the plaintiff to the defendant. The charges are serious and strenuously opposed. The merits require a hearing before the court, and to that purpose the matter is set for a hearing before this court on May 2, 1960, at 10:00 a.m., at Trial Term, Part VI, at which time and place the attorneys and the parties will appear.
A preliminary objection is interposed by plaintiff to this motion, to the effect that the children and the parents are nonresidents of this State, that they are residents of the State of Connecticut, and that the children are not physically within the jurisdiction of this court. The separation judgment obtained by plaintiff was rendered by this court. She saw fit to invoke this jurisdiction for the relief afforded in her judgment. This court therefore has continuing jurisdiction over its judgments and matters incidental to its final decree (Civ. Prac. Act, § 1170). In Crawford v. Crawford (19 Misc 2d 633), the applicable law is succinctly stated to the effect that after final *190 judgment in matrimonial actions, the court has continuing jurisdiction to entertain motions addressed to or incidental to the final decree (Fox v. Fox, 263 N. Y. 68). This jurisdiction continues despite the removal from the State of one of the spouses (Grenier v. Grenier, 175 Misc. 406, affd. 261 App. Div. 1043). The Appellate Division, in affirming the Grenier case, stated the following: 1 ‘ The jurisdiction of the court continues for the purposes of this proceeding. (Civ. Prac. Act, § 1170; Fox v. Fox, 263 N. Y. 68; Karlin v. Karlin, 280 id. 32; Karpf v. Karpf, 260 App. Div. 701; Ridder v. Ridder, 175 Misc. 84.) ” (See, also, Matter of Altmann, 149 Misc. 115, 118; 18 CarmodyWait, New York Practice, § 109, p. 581; § 135, p. 608 et seq.) The effect of section 1170 of the Civil Practice Act is to write a reservation to that effect into every final judgment. The jurisdiction of the court over the parties and over the incidental subject matter is prolonged and to that extent the action is deemed pending. The application here is not a new action or a special proceeding, but merely a motion in a pending action (Schneidman v. Schneidman, 188 Misc. 765, 766-767; People ex rel. Strauss v. Steindler, 223 App. Div. 230). The objection to jurisdiction is overruled. The parties will proceed to the merits on the date as hereinbefore directed.