Edgar J. Nathan, Jr., J.
Plaintiff and defendant were married on May 31, 1941, in New York City. There are no issue of the marriage. On or about June 14, 1949, plaintiff husband commenced an action for a legal separation in New York State which was discontinued after the parties entered into a written separation agreement dated December 31, 1949.
In April, 1951, while the parties hereto were domiciled in New Jersey, the husband instituted an action in that State for an absolute divorce, based upon extreme cruelty. The ultimate result of that litigation was a final judgment in the Superior Court of New Jersey, Chancery Division, Monmouth County, upholding defendant’s counterclaim that plaintiff had unjusti *47 fiably abandoned defendant and had refused and neglected properly to support her. This judgment set aside the aforementioned separation agreement and further provided that plaintiff pay defendant the sum of $40 per week for her support and maintenance, through the Probation Officer of Monmouth County. These payments were still being made at the time of this trial.
In 1954, the husband instituted this action to annul the marriage, alleging that defendant had been incurably insane for five years. Defendant interposed a counterclaim for a legal separation, for support, and to set aside the separation agreement which had previously been set aside in the New Jersey action. On October 4, 1955, the plaintiff’s main action for an annulment was dismissed, and it is the trial of the defendant’s counterclaim for a separation which is now before this court.
At trial the defendant adduced evidence to show that the plaintiff had abandoned her and that, therefore, she is entitled to a decree of separation. Although she also alleged cruel and inhuman treatment, the evidence presented was insufficient to substantiate this claim and defendant’s relief, if any, can only be grounded upon the claim of abandonment.
Plaintiff moved to dismiss defendant’s counterclaim on the grounds that the prior New Jersey decision decided the issue of abandonment in defendant’s favor and that that decision is res judicata in this action.
While New Jersey law makes no provision for a legal separation as such, as do the laws of New York, the court finds that the New Jersey decree of separate maintenance is similar to a New York judgment of separation (see N. J. Stat. Ann., § 2A: 34-24). The issue of abandonment was litigated in the New Jersey action, and it may not now be relitigated in this State. (Stewart v. Stewart, 198 App. Div. 337.) The doctrine of res judicata applies to actions for separation as well as other actions (Statter v. Statter, 2 N Y 2d 668), and the New Jersey judgment must be accorded full faith and credit by this court (U. S. Const., art. IV, § 1).
The fact that both parties to the present action are presently domiciled in New York State in no way alters the situation. Having once litigated the issue of abandonment before a court of competent jurisdiction, the defendant is estopped from again raising the same issue in this action. The New Jersey court retains continuing jurisdiction to modify and enforce its marital judgments (see Landis v. Landis, 55 N. Y. S. 2d 228) and in that respect the New Jersey law.is similar to that of this State. (See Crawford v. Crawford. 19 Misc 2d 633.)
*48 It would seem that an application for any increase in support or other relief should be made to the appropriate court of the State of New Jersey.
Plaintiff’s motion to dismiss defendant’s counterclaim is granted, without costs. No further counsel fee is allowed in this proceeding.