Matthew J. Jasen, J.
Defendant husband moves for leave to serve a supplemental answer on the plaintiff wife, pleading as a separate defense a Nevada divorce decree obtained subsequent to the commencement of this action for separation and the service of defendant’s answer.
Plaintiff commenced this action in June, 1962. Since that time, there has been a multitude of pleadings, motions, counterclaims and orders entered herein. On September 10, 1962, Special Term of this court granted a motion which enjoined and restrained the defendant from instituting and prosecuting any action for divorce in Nevada or in any other State except New York State. This injunction was served upon defendant’s attorneys in Buffalo on the same date and the defendant was served personally by a Nevada Deputy Sheriff on September 14, 1962. In the meantime, on September 12, 1962, defendant had instituted an action for divorce in the Second Judicial District Court of the State of Nevada in and for Washoe County. *430 It appears that the defendant had resided in the iState of Nevada since July 31, 1962 and that he is still a resident there at the present time.
On September 21, 1962, the plaintiff by her Nevada attorney moved to quash the service of the summons in the Nevada action which had been previously served on her by reason of the lack of jurisdiction of the Nevada court.
On October 12, 1962, the Nevada court affirmatively found (1) that it had jurisdiction over the person of the husband herein; (2) that for more than six weeks prior to the filing of the husband’s complaint, he was and still is a resident and domiciled in Beno, Nevada, and a final decree of divorce was granted by the aforesaid Nevada court. It is this decree which this defendant alleges as an affirmative defense in his proposed supplemental answer.
Although this motion was brought prior to the effective date of the new Civil Practice Law and Buies, the court in deciding this motion has considered both the former and present pertinent sections. The relief which defendant seeks was expressly provided for by sections 245 and 245-b of the Civil Practice Act.
However, since September 1,1963, the new Civil Practice Law and Buies became effective and subdivision (b) of rule 3025 is applicable. It provides: “A party may amend his pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties. Leave shall be freely given upon such terms as may be just including the granting of costs and continuances.”
Plaintiff concedes that under ordinary circumstances the defendant would be entitled to the relief requested but argues that the defendant in bad faith obtained the Nevada divorce decree in violation of this court’s injunction and that therefore this court should not exercise its discretion in favor of the defendant by allowing him to plead the divorce as a defense in this action.
The defendant on the other hand argues that the purpose Of this motion is to give the trial court an opportunity to determine the question of the husband’s good faith in establishing the Nevada domicile and thus to settle finally and completely the marital status of the parties while this court has jurisdiction to do so.
The court agrees with the defendant. The court in exercising its discretion to allow the service of a supplemental answer, does not determine the merits of the proposed defense. (Ponticello v. Prudential Ins. Co., 281 App. Div. 549.) Whether or *431 not the Nevada divorce decree will be binding upon the plaintiff wife in this action for separation, is a question which should be determined in a regular way upon the trial, and not upon a motion of this character. The purpose of this motion is to place this foreign decree before the court so that its effect can be determined.
Although the question of whether a defendant in a New York separation action should be permitted to plead as a defense a divorce decree obtained from a court of a sister State in violation of a New York injunction has not yet been decided by our appellate courts of this State, it has been touched upon twice in the Fourth Department (Edell v. Edell, 284 App. Div. 758; McKendry v. McKendry, 280 App. Div. 440).
The court held in both cases that the question had not properly come before it.
It is the opinion of this court that it is bound by the United States Constitution to give full faith and credit to the decree of divorce obtained in Nevada by the defendant herein. To deny the defendant an opportunity to assert a foreign divorce decree as a defense even though the divorce may have been obtained in violation of an injunction issued by our court would in effect refuse to accord full faith and credit to the decree of a court of a sister State and would deprive the defendant of the protection to which he is clearly entitled under our Constitution. (Williams v. North Carolina, 325 U. S. 226.)
Moreover, the question of defendant’s residence and domicile in the State of Nevada has been adjudicated by the Nevada court at the instance of the plaintiff herein who took issue of that in the Nevada court.
Whether the defendant should be punished for contempt of court for continuance in prosecuting the Nevada action to final judgment after the issuance of this court’s injunction, is not before the court. For the reasons stated, the motion is granted.