Albert H. Buschmann, J.
This is an application, by order to show cause, to modify a judgment of this court dated August 5, 1960 declaring the marriage between the defendant husband and the plaintiff wife a nullity and awarding custody of their infant daughter Marcella to the plaintiff. The moving defendant, alleging libertine-like behavior on the part of the plaintiff in recent years, seeks to modify this decree so as to change the custody of the child from the plaintiff to the defendant.
The plaintiff does not oppose the instant application on the merits but has interposed a preliminary objection to the effect that this court is without the requisite in personam jurisdiction to grant the relief requested.
*759 At and before the date of the original decree of this court both of the parties were residents and domiciliaries of this State. It is conceded that at the present time both the plaintiff and the defendant are residents and domiciliaries of the State of New Jersey and have been so domiciled for approximately eight years. Neither party has any contact, business or otherwise, with the State of New York. Furthermore, it appears that the defendant has simultaneously attempted to obtain the same relief requested herein by commencing a custody proceeding which is presently sub judice before the Juvenile and Domestic Relations Court, County of Monmouth, State of New Jersey. Lastly, the plaintiff contends that personal service of notice of the instant application on her in New Jersey was insufficient to obtain in personam jurisdiction over her.
This court has a continuing jurisdiction after the entry of judgment in a matrimonial action over the parties and over the incidental subject matter of its decree along with the power to modify or amend its judgment. (Fox v. Fox, 263 N. Y. 68.) Furthermore, section 240 of the Domestic Relations Law expressly reserves to the court the right, upon application, to modify or amend directions made by the court relating to the care, custody and support of a child. This jurisdiction continues despite the absence from the State of one of the spouses and the child (Grenier v. Grenier, 175 Misc. 406, affd. 261 App. Div. 1043) or the absence of both spouses and their children from the State. (Church v. Church, 23 Misc 2d 189.) Thus, by virtue of the continuing jurisdiction of the court, together with the personal service of notice of the instant application on the plaintiff outside the State, this court has the requisite in personam jurisdiction to modify the provisions of its decree awarding custody of the infant to the plaintiff. (Grenier v. Grenier, supra.)
Despite the undoubted jurisdiction of this court to grant the motion, courts do not ordinarily exercise jurisdiction where it would be futile to do so. (Grenier v. Grenier, supra; cf. Pelz v. Pelz, 182 App. Div. 923; Wulff v. Wulff, 151 App. Div. 22.) The State of New Jersey, by virtue of the physical presence and domicile in its State of the subject infant and the parties to this action, would have the requisite jurisdiction to decide the issue of custody. (Hachez v. Hachez, 124 N. J. Eq. 442; cf. Finlay v. Finlay, 240 N. Y. 429.) More important, it appears that the New Jersey court, exercising its duty as parens patriae, would not have to give res judicata recognition based on either comity or full faith and credit to any decree of this court con *760 cerning the custody of a child domiciled within New Jersey’s territorial confines. (Casteel v. Casteel, 45 N. J. Super. 338 [App. Div.]; cf. Bachman v. Mejias, 1 N Y 2d 575; 2 Foster and Freed, Law and the Family, § 29:34.) Although this court jurisdictionally is empowered to reach a determination that may bind the parties inter se, in view of the decisional law of New Jersey, a decree of this court will not bind the courts of that State with regard to the issue .of custody of the child physically present and domiciled therein (Casteel v. Casteel, supra), and may well be a futile gesture.
Furthermore, it does not follow that, merely because there is in the present case concurrent jurisdiction by both this court and the courts of New Jersey over the custody of the infant, the courts of both States should exercise their jurisdiction and possibly reach conflicting results. (Sampsell v. Superior Ct., 32 Cal. 2d 763 [Traynor, J.].) As stated by Mr. Justice Tray-woe (p. 779): “ The courts of one state may determine that the other state has a more substantial interest in the child and leave the matter to be settled there. * * * In any event, there is no reason why courts of one state should not be able to ‘ assume with confidence that the courts of the other jurisdiction will act with wisdom and sincerity in all matters pertaining to the welfare of this child. ’ ”
There is little doubt that the State of New Jersey has a “ more substantial interest ’ ’ in this child who is physically present and domiciled there and has been so for the past eight years. Also, with regard to the doctrine of forum non conveniens, the New Jersey courts, because of the convenience of witnesses and the availability of local investigatory agencies, would best be able to acquire and assess the facts and circumstances to be reviewed in order to reach a decision on the issue of custody consonant with the welfare and best interests of this child. The defendant can obtain the same relief as requested herein before the courts of New Jersey and the prosecution of the issue of custody before that court would entail less hardship on all of the parties than prosecution of that issue in this State. (Cf. Varkonyi v. Varig, 22 N Y 2d 333.)
It is the conclusion of the court that jurisdiction in this matter be declined. This conclusion is not based solely upon the nuances presented herein with respect to jurisdiction, forum non conveniens and conflict of law. Nor, for that matter, is this decision based upon the court’s concern with a possible affront to its dignity by the court of another forum ignoring this court’s decree. “ The New York courts can well survive this offense *761 to their dignity; the children should not, however, suffer further offense to their welfare (Matter of Lang v. Lang, 9 A D 2d 401, 410.) It would, indeed, be sad if this child were to become a pawn in the hands of two forums concerned solely with jealously retaining and protecting their jurisdictional prerogative with each ignoring the existence of the other’s decrees. To prevent this from happening it is the court’s opinion that jurisdiction be declined and that the defendant be relegated to seeking the requested relief before one forum, that of New Jersey, which, under the circumstances, is in the most advantageous position to reach a decision consonant with the best interests and welfare of this child.
Accordingly, the motion is denied.